
Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SMITH and MARIA DASILVA, Plaintiffs | ) | |
| vs. | ) | **CASE NO. 1:07-CV-12067** |
| DWIGHT JENKINS, CHERRY JENKINS, DOREA SMITH, ROBERT E. KELLEY, RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, EB REAL ESTATE GROUP, INC., DORCHESTER REAL ESTATE, INC., NEW ENGLAND MERCHANTS CORP., UNION CAPITAL MORTGAGE BUSINESS TRUST, MID CITY MORTGAGE, LLC, FREMONT INVESTMENT AND LOAN and MERITAGE MORTGAGE CORPORATION Defendants | ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT, UNION CAPITAL MORTGAGE BUSINESS TRUST, TO STRIKE VARIOUS EXHIBITS ATTACHED TO PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**

The plaintiffs have attached a number of exhibits to their Combined Opposition to Motions for Summary Judgment in this case. A number of the attached exhibits are not cited in the plaintiffs' Memorandum in Opposition, and should be stricken as irrelevant and superfluous. This includes a number of deposition exhibits, identified by the plaintiffs as "subexhibits," that were filed with cited deposition transcripts but not cited. These include the following:

**Exhibit Nos. 10, 13, 14, 16, 17, 18, 19, 25, 39, 40, 46, 47, 48, 51, 52, 53, 54, 55, 61, 62:** These exhibits are not cited in the plaintiffs' Memorandum in Opposition, and should be stricken as irrelevant.

**Exhibit 26:** This exhibit includes sixteen "subexhibits". The plaintiffs have cited only subexhibit Nos. 5, 6, and 9. Therefore, the remaining subexhibits (Nos. 1-4, 7-8, and 10-16), should be stricken. It should be noted that doing so will eliminate Electronic Filing Document

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



Nos. 228-39 through 228-46 and No. 228-48 in their entirety, as plaintiffs have made no reference whatsoever to these documents, and will further eliminate 45 of 50 pages of Document No. 228-38, and 44 of 50 pages of Document No. 228-47, as the entirety of subexhibit Nos. 5, 6, and 9 comprises only 6 pages.[1]

**Exhibit 27:** This exhibit includes 4 subexhibits, none of which are cited. These should be stricken.

**Exhibit 28:** This exhibit includes 19 subexhibits. The plaintiffs have cited only subexhibits 3, 4, 8, 9, and 12. Therefore, the remaining subexhibits (Nos. 1-2, 5-7, 10-11, and 13-19) should be stricken. Again, doing so will eliminate a number of irrelevant and superfluous documents from the plaintiffs' filing.

**Exhibit 29:** This exhibit includes 5 subexhibits, none of which are cited. These should be stricken.

**Exhibit 30:** This exhibit includes 23 subexhibits. The plaintiffs have cited only subexhibits 4, 8, 12, 13, 14, and 23. Therefore, the remaining subexhibits (Nos. 1-3, 5-7, 9-11, and 15-22) should be stricken. Again, doing so will eliminate a number of irrelevant and superfluous documents from the plaintiffs' filing.

**Exhibit 31:** This exhibit includes 12 subexhibits, none of which are cited. These should be stricken.

**Exhibit 32:** This exhibit includes 33 subexhibits. The plaintiffs have cited only subexhibits 1, 2, and 7. Therefore, the remaining subexhibits (Nos. 3-6 and 8-33) should be stricken. Again, doing so will eliminate a number of irrelevant and superfluous documents from the plaintiffs' filing.

---

[1] The plaintiff has filed redacted versions of these documents as Electonic Filing Document No. 234. The corresponding Documents that would be stricken are 39 of 42 pages of Document No. 234-10, the entirety of Document Nos. 234-11 through 234-17 and 1234-19, and 36 of 42 pages of Document No. 234-18.


Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



**Exhibit 35:** This exhibit includes 4 subexhibits, none of which are cited. These should be stricken.

Attached exhibits that have not been relied upon by the plaintiffs in their Memorandum in Opposition (nor in their responses to the defendants' concise statement of facts pursuant to LR 56.1) serve no purpose. Fed.R.Civ.P. 56(e) requires that, in response to a motion for summary judgment, an opposing party must "**set forth specific facts** showing that there is a genuine issue for trial." (emphasis added). Similarly, LR 56.1 requires that a party's opposition to a motion for summary judgment include a concise statement of facts "as to which it is contended that there exists a genuine issue to be tried, **with page references** to affidavits, depositions and other documentation. Copies of all **referenced documentation** shall be filed as exhibits to the motion or opposition." (emphasis added). In addition to their failure to provide adequate page references with regard to a number of factual assertions in the Memorandum in Opposition, the plaintiffs have attached a large number of documents that simply are not cited. The documents not cited are irrelevant and superfluous to the plaintiffs' summary judgment argument, and should be stricken.

**OTHER EXHIBITS**

Other exhibits relied upon by the plaintiffs contain inadmissible hearsay or statements not made on personal knowledge, and must be stricken or disregarded. The exhibits to be stricken, and the reasons for striking them, are stated below.

**Exhibit 12**: The report of economist Stan V. Smith should be stricken. There does not appear to be any evidentiary purpose for the report, as there are no summary judgment issues regarding the measure of damages. Exhibit 12 does not address issues other than the measure of damages.


Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



The report cannot be used to establish any of the underlying facts of the case, because the report is hearsay with regard to those facts. Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment."); Flesner v. Technical Communications Corp., 410 Mass. 805, 817 (1991) (hearsay statements in deposition testimony inadmissible in summary judgment proceeding). The report indicates that it is based upon review of the Complaint and Amended Complaint in this action, a Complaint and an Amended Complaint in two different actions, and upon interviews with the plaintiffs. (See Exhibit 12, Electronic Filing Document No. 228-13, p. 1). The plaintiffs' citations to Exhibit 12 as support for factual assertions that they were denied credit or were denied housing (Plaintiffs' Memorandum in Opposition, p. 36) are inappropriate, as Exhibit 12 is hearsay with regard to such statements.

Reference to Stan V. Smith's estimates of each plaintiff's damages (Plaintiff's Memorandum in Opposition, pp. 32-34) should be excluded to the extent such statements are intended to establish underlying facts in the case, and because the measure of damages is not an issue on summary judgment. Moreover, to the extent the report is considered to be relevant for any purpose, the damages estimates add conflicting measures, such as claims for contract damages (the plaintiffs claim that they were not paid the full amounts promised for entering into the transactions), lost rents (which they did not expect to receive because they had no intention of being responsible for the mortgages), money paid at closing (which the plaintiffs did not expect to be responsible for because they had no intention of being responsible for the mortgages), and tax liability for the forgiveness of foreclosure deficiencies. The expert report's attempt to combine claims for contract damages with claims for restitution deserves no credence.


Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



In addition, the theories of hedonic damages advanced by Stan V. Smith have previously been rejected as speculative in Massachusetts District Court. See Saia v. Sears Roebuck & Co., 47 F.Supp.2d 141, 146-151 (D.Mass.1999) (citing a number of other decisions in which the same expert's testimony regarding the "loss of enjoyment of life" had been excluded, and concluding that it was not reliable); see, also, Ayers v. Robinson, 887 F.Supp. 1049, 1059-1064 (N.D.Ill.1995) (analyzing and rejecting Stan V. Smith's proffered opinions on hedonic damages, citing both Fed.R.Evid. 702 and 403); Mercado v. Ahmed, 974 F.2d 863, 869-870 (7th Cir.1992) (affirming trial court's exclusion of Smith's testimony as unreliable). Moreover, because such "loss of enjoyment" damages are usually intended to supplant or supplement damages for general pain and suffering, Saia, 47 F.Supp.2d at 150, such damages do not arise in the absence of evidence of a physical or qualifying emotional injury. As discussed in defendant's original Memorandum in Support, no evidence of such injury exists in this case.

**Exhibit 44:** The plaintiffs' Supplemental Interrogatory Answers regarding expected testimony from various witnesses is hearsay and must be excluded. See Garside v. Osco Drug, Inc., 895 F.2d 46, 49-50 (1st Cir.1990) (statement of expert's expected testimony in interrogatory answer inadmissible in summary judgment proceedings); Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment."); Flesner v. Technical Communications Corp., 410 Mass. 805, 817 (1991) (hearsay statements in deposition testimony inadmissible in summary judgment proceeding). The plaintiffs' citations to Exhibit 44 all refer to the inadmissible hearsay asserted as expected evidence of witnesses, and therefore the Exhibit must be stricken or disregarded in its entirety.


Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete



**PLAINTIFFS' GENERAL EXHIBIT CITES**

In addition, due to the plaintiffs' general citation to voluminous deposition transcripts and other exhibits without specific page references, Union Capital requests that any hearsay or other inadmissible testimony within those exhibits be stricken or disregarded. In the alternative, the defendant requests that such general citations be disregarded as violative of Fed.R.Civ.P. 56(e) and LR 56.1.

**CONCLUSION**

Wherefore, defendant Union Capital Mortgage Business Trust respectfully requests that plaintiffs' Exhibits 10, 13, 14, 16, 17, 18, 19, 25, 39, 40, 46, 47, 48, 51, 52, 53, 54, 55, 61, 62 be stricken in their entirety; that plaintiffs' Exhibit 12 be stricken in part, that plaintiffs' Exhibit 44 be stricken in its entirety, that inadmissible materials within the plaintiffs' general exhibit citations be stricken or disregarded, or, in the alternative, that the plaintiffs' general exhibit citations be stricken or disregarded in their entirety as violative of Fed.R.Civ.P. 56(e) and LR 56.1.

Respectfully submitted,

/s/ Anthony R. Brighton

Douglas A. Robertson, B.B.O. No. 552315
Anthony R. Brighton, B.B.O. No. 660193
Attorneys for Defendant, Union Capital Mortgage Business Trust
MARTIN, MAGNUSON, MCCARTHY & KENNEY
101 Merrimac Street
Boston, MA 02114
(617) 227-3240

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



***CERTIFICATE OF SERVICE***

I, Anthony R. Brighton, attorney for Union Capital Mortgage Business Trust, hereby certify that on the 19th day of March, 2010, I served a copy of the above document to all counsel of record via electronic filing:

/s/ Anthony R. Brighton ________________
Douglas A. Robertson, B.B.O. No. 552315
Anthony R. Brighton, B.B.O. No. 660193
Attorneys for Defendant, Union Capital Mortgage Business Trust
MARTIN, MAGNUSON, MCCARTHY & KENNEY
101 Merrimac Street
Boston, MA 02114
(617) 227-3240