UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SMITH and<br>MARIA DASILVA,<br><br>    Plaintiffs,<br><br>v.<br><br>DWIGHT JENKINS;<br>CHERRY JENKINS; DOREA SMITH,<br>ROBERT E. KELLEY;<br>RKELLEY-LAW, P.C.; LOUIS G.<br>BERTUCCI; EB REAL ESTATE GROUP<br>INC.; DORCHESTER REAL ESTATE,<br>INC.; NEW ENGLAND MERCHANTS<br>CORP.; UNION CAPITAL MORTGAGE<br>BUSINESS TRUST; MID CITY<br>MORTGAGE, LLC; MERITAGE<br>MORTGAGE CORPORATION,<br><br>    Defendants. | Civil Action No. 1:07-12067-RGS<br><br>**LEAVE TO FILE GRANTED<br>MARCH 16, 2010** |

### THE DEFENDANT, DORCHESTER REAL ESTATE, INC.'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

The defendant, Dorchester Real Estate, Inc. ("Century 21"), by and through its counsel, LeClairRyan, A Professional Corporation, pursuant to Fed. R. Civ. P. 56, hereby submits its reply to the Plaintiffs' Consolidated Opposition to Defendants' Motions for Summary Judgment (the "Opposition") to clarify issues of material fact and law asserted in the Opposition.

Throughout the 100-page Opposition, and the exhibits filed therewith in excess of 4,500 pages, plaintiffs cite no admissible evidence constituting a genuine issue of material fact from which a reasonable jury could find Century 21 liable. Accordingly, Century 21 remains entitled to summary judgment for the reasons set forth in its motion and supporting materials.

## ARGUMENT

### I. Plaintiff Smith Has Identified No Admissible Evidence in Support of His Claims Against Century 21.

A.  Smith Relies On Conjecture Rather Than Fact.

Substantially all of plaintiff's Smith's arguments in the Opposition are based on inferences piled on top of inferences, rather than on admissible evidence or fact. Primarily, Smith seeks to cast Century 21 as a "co-conspirator" with the other defendants, based on the alleged acts of James Adamos, who is not a party to these proceedings. Indeed, in response to virtually all of Century 21's Statement of Undisputed Material Facts not admitted, Smith states the following:

> Qualified. Century 21 is liable for Adamos' actions that violated M.G.L. c. 112 § 87AAA, specifically his misrepresentations to Smith, because Re-Max (sic) failed to properly supervise him. M.G.L. c. 112 § 87RR; (Plaintiff's Opposition, pp. 55-58). Adamos and [Dwight] Jenkins were co-conspirators, and therefore Century 21 is also liable for their actions in furtherance of the conspiracy.

See, generally, Plaintiffs' Responses to Century 21's Statement of Undisputed Material Facts, pp. 6-14.

B.  The Legal Basis of Smith's Allegations Against Century 21 is Incorrect.

Smith cites M.G.L. c. 112 § 87RR, concerning the duty of realtor to supervise agents, and seeks to attach liability to C21 thereby for Adamos' alleged violations of M.G.L. c. 112 § AAA. As detailed by defendant EB Real Estate Group, Inc. ("Re/Max")

in its reply brief, Document No. 239, the plaintiffs' reliance on § 87RR is misplaced, as the statute does not create liability for the supervising broker for the acts or omissions of its independent contractor sales agent.  See Re/Max's Reply Brief at pp. 3-6.

Application of § 87RR to Century 21 as creating liability for the alleged conduct of Adamos is the linchpin of substantially all of Smith's causes of action against Century 21.  Notwithstanding the allegations of misconduct by <u>Adamos</u>, whom Smith has not sued in these proceedings, Smith has proffered precious little (if any) admissible evidence to support those claims.  Instead, Century 21 is entitled to summary judgment on all causes of action asserted against it for the reasons cited in Century 21's summary judgment materials.

## II.     **<u>Plaintiffs' 93A Claim Remains Fatally Defective as to Century 21.</u>**

As set forth in Century 21's summary judgment materials, Century 21 never received Smith's purported 93A demand letter.  Irrespective of the issue of service pursuant to Mass. R. Civ. Proc. 4, the letter was not sent to "Dorchester Real Estate, Inc.," or to "Dorchester Real Estate Associates," or to Karin Cahill, the owner and broker of Century 21.  Instead, it was addressed personally to Adamos and Foley, who no longer worked for Century 21 at the time, and to "Century 21 of New England, Inc.," which is not a party to these proceedings and has a mailing address in Burlington, MA.  Accordingly, Smith never sent a proper 93A demand letter to Century 21, and his claim thereunder remains fatally defective for failure to satisfy the statutory precondition.

### III.  Smith's Claim for Emotional Distress is Based on Hearsay.

Smith cites the affidavit of his sister, Gloria Smith McCray, in support of his claims for emotional distress. Opposition at p. 34, Exhibit 8. The McCray affidavit, however, is hearsay, and is not admissible evidence. Accordingly, Smith's claims for emotional distress remain unsupported by admissible evidence, as set forth in Century 21's summary judgment materials.

### IV.  There is No Evidence of a Contract Between Smith and Century 21.

Smith argues that Century 21 "through Adamos" assisted Smith in obtaining a mortgage, thus creating an issue of fact as to whether an oral contract existed between the parties. Opposition at p. 59. There is no evidence, however, to support the premise that any contract existed between Smith and Adamos, as it is well-established that "the elements of a contract [are] offer, acceptance and an exchange of consideration or meeting of minds." Northrup v. Brigham, 63 Mass. App. Ct. 362, 366-367 (2005). Smith has proffered no evidence of any of these elements.

Instead, Smith's sworn deposition testimony is that his only interaction with Adamos occurred at the closing on the Dighton property, a transaction in which Century 21 was not involved. Century 21 Motion for Summary Judgment, Exhibit 3, pp. 219-211; Exhibit 1, p. 86. Those discussions cannot reasonably be construed to form the bases of a contract between Smith and Century 21. See Hunt v. Rice, 25 Mass. App. Ct. 622, 627 (Mass. App. Ct. 1988). Absent a contract, the covenant of good faith and fair dealing does not attach. See, e.g., Mass. Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 230 (1st Cir. 2005)

V. **The Opposition is Silent as to Dasilva's Alleged Claims Against Century 21.**

Nowhere in its 100 pages does the Opposition address plaintiff Dasilva's asserted claims against Century 21. Accordingly, those claims remain unsupported by any alleged facts or evidence as previously set forth in Century 21's motion for summary judgment.

## CONCLUSION

For the reasons cited herein, Century 21 asserts that it remains entitled to summary judgment, notwithstanding the arguments raised by the plaintiffs in the Opposition. As noted herein and by others, many of the plaintiffs' arguments are founded on hearsay and conjecture rather than on admissible evidence of fact, and are insufficient to overcome the arguments set forth by Century 21 in its motion for summary judgment.

Respectfully submitted,

DORCHESTER REAL ESTATE, INC.

By its attorneys,

/s/ Thomas K. McCraw, Jr.
Jay S. Gregory, BBO #546708
Jay.Gregory@LeClairRyan.com
Thomas K. McCraw, Jr., BBO# 659480
Thomas.McCraw@LeClairRyan.com
LeClairRyan, A Professional Corporation
One International Place, 11th Floor
Boston, MA  02110
Dated:  March 22, 2010                617-502-8200

## **CERTIFICATE OF SERVICE**

      I, Thomas K. McCraw, Jr., hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system, or if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on this 22nd day of March, 2010.

                                          /s/ Thomas K. McCraw, Jr.
                                          Thomas K. McCraw, Jr.