UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CASE NO. 1:07-CV-12067

| | |
|---|---|
| ROBERT SMITH and MARIA DASILVA,<br>　　Plaintiffs<br><br>vs.<br><br>DWIGHT JENKINS, CHERRY JENKINS, DOREA SMITH, ROBERT E. KELLEY, RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, EB REAL ESTATE GROUP, INC., DORCHESTER REAL ESTATE, INC., NEW ENGLAND MERCHANTS CORP., UNION CAPITAL MORTGAGE BUSINESS TRUST, MID CITY MORTGAGE, LLC, SIGNATURE GROUP HOLDINGS, INC. f/k/a FREMONT REORGANIZING CORPORATION f/k/a FREMONT INVESTMENT & LOAN<br>　　Defendants | MEMORANDUM IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT, UNION CAPITAL MORTGAGE BUSINESS TRUST (TERMINATED JUNE 29, 2010), TO PRECLUDE FROM EVIDENCE ANY MENTION OF, REFERENCE TO, OR COPIES OF, A NOVEMBER 12, 2009, TEMPORARY ORDER TO CEASE AND DESIST ORIGINATING LOANS DIRECTED TO JOHN RICHMAN (EXHIBIT 275-4); A MARCH 3, 2010 CONSENT ORDER REGARDING MR. RICHMAN'S MORTGAGE ORIGINATOR'S LICENSE (EXHIBIT 275-2) AND A JUNE 3, 2010 CONSENT ORDER REGARDING UNION CAPITAL'S MORTGAGE LENDER LICENSE (EXHIBIT 275-3) |

## I. ARGUMENT

On August 10, 2010, plaintiffs' submitted a memorandum in support of their motion to file a Third Amended Complaint (Pleading No. 272) and at Pgs. 3 and 7 argued that the Temporary Cease and Desist Order (Exhibit 275-4) and the Consent Orders (Exhibits 275-2 and 275-3) are evidence of a pattern of wrongful conduct supportive of liability on the plaintiffs' conspiracy, fraud, Chapter 93A violation and breach of fiduciary duty premised on fraud claims, against Union Capital. Now, Union Capital moves in limine to preclude these documents, and any mention of them, or reference to them, from evidence, pursuant to F.R.E. 408, 404(b) and 403.

**F.R.E. 408**

F.R.E. 408 bars introduction of settlement agreements, and Consent Orders entered into with government agencies are treated as settlement agreements under F.R.E. 408. <u>Cerqueira v. American Airlines, Inc.</u>, 484 F.Supp 232, 237 (D. Mass 2007). Where the Consent order concerns claims other than those of the plaintiffs in the action in which introduction is sought, the relevance of the other claims, to the instant action, makes their admission "very doubtful". <u>Cerqueira v. American Airlines, Inc.</u>, 520 F3d 1, 20 (F.N. 25) (1st Cir. 2008) (reversed and remanded on other grounds). The rationale for Rule 408 is to encourage settlement agreements and to exclude evidence of questionable relevance as to liability. <u>McInnis v. A.M.F., Inc.</u>, 765 F.2d 240, 247 (1st Cir. 1985)(reversing and remanding on grounds that admission of a release was substantially prejudicial and in violation of F.R.E. 408).

The Temporary Cease and Desist Order (Exhibit 275-4) by its nature, was conditional and subject further consideration by, and negotiations with, the Commissioner of Banks. None of the transactions mentioned in the document are the transactions at issue in this case, and neither plaintiff is mentioned in the document. On December 2, 2009, Mr. Richman filed a proper response, reserving his right to an administrative hearing. Subsequently, an informal conference was held on December 17, 2009, and then the March 3, 2010 Consent Order was reached "solely for the purpose of settling this matter and without admitting any allegations or implications of fact, or the existence of any violations of applicable state and federal statutes or rules". (Exhibit 275-2). In <u>McInnis</u>, the court expressly noted that a settlement "is of questionable relevance on the issue of liability or value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perception

of the strength or weakness of their relative positions". <u>Id.</u> at 247.  As in the March 3, 2010 Consent Order, the June 3, 2010 Consent Order relative to Union Capital's mortgage broker and lender licenses, expressly states: "[w]hereas, without this Consent Order constituting an admission by Union Capital of any allegations made or implied by the provisions of the Temporary Order; solely for the purpose of settlement of all alleged violations without protracted administrative proceedings and judicial review…". (Exhibit 275-3).  Accordingly, these documents, by their nature and express language, are inadmissible under F.R.E. 408.

### **F.R.E. 404(b)**

F.R.E. 404(b) "bars evidence of prior bad acts where they are admitted to show action in conformity with those previous acts".  <u>Cerqueira v. American Airlines, Inc.</u>, 484 F.Supp 232, 237.  Plaintiffs earlier citations to the Consent Orders and Temporary Cease and Desist Order as evidence of Union Capital's pattern of conduct (Pleading No. 272) clearly establishes plaintiffs' intent to offer the documents as evidence to prove liability, not for any other purpose.  Offered as evidence to prove liability, these documents are inadmissible.  <u>Id.</u>

While the <u>Cerqueira</u> court noted a limited exception to F.R.E. 404(b) when the documents are offered to show notice, <u>supra</u> at 238, no such notice exception is available to the plaintiffs here, because the Consent Orders and Temporary Cease and Desist Order are dated in late 2009 and 2010, and concern transactions which took place in 2007 and 2008.  The plaintiffs' transactions took place in 2004 and 2005.  Accordingly, the plaintiffs have no basis to assert the documents fall within a notice exception to F.R.E. 404(b).

**F.R.E. 403**

F.R.E. 403 requires exclusion of evidence if its probative value is outweighed by danger of unfair prejudice. <u>Cerqueira</u>, 484 F. Supp at 238. In this case, plaintiffs' prior pleadings establish that the Consent Orders and Temporary Cease and Desist Order are sought to be introduced to prove Union Capital's liability under conspiracy and fraud theories alleged in this case. However, application of F.R.E 408 and 404(b) establish that these documents are improper and unreliable sources of evidence. It would be substantially unfair and prejudicial for the jury to be pondering about the allegations which led to the Consent Orders, when weighing the facts, or absence thereof, offered to support the plaintiffs' claims in this case. It is axiomatic that cases are tried on their own facts and that introducing evidence of other claims is disfavored and inherently confusing. There is no compelling need, or applicable evidentiary exception which would warrant admission into evidence the Consent Orders or Temporary Cease and Desist Order, especially given the extreme prejudice to Union Capital.

**CONCLUSION**

Accordingly, pursuant to F.R.E. 408, 404(b) and 403, Union Capital respectfully requests that this Honorable Court enter an order precluding from evidence any mention of , reference to, or copies of, the Consent Orders or Temporary Cease and Desist Order, designated as Exhibits 275-2, 275-3 and 275-4.

/s/ Douglas A. Robertson
Douglas A. Robertson, BBO No. 552315
Anthony R. Brighton, BBO No. 660193
Attorneys for Defendant,
Union Capital Mortgage Business Trust
MARTIN, MAGNUSON, MCCARTHY &
KENNEY

                101 Merrimac Street
                Boston, MA 02114
                (617) 227-3240

### *CERTIFICATE OF SERVICE*

     I, Douglas A. Robertson, attorney for Union Capital Mortgage Business Trust, hereby certify that on the 19th day of August, 2010*,* I served a copy of the above document to all counsel of record via electronic filing:

                /s/  Douglas A. Robertson
                Douglas A. Robertson, BBO No. 552315
                Anthony R. Brighton, BBO No. 660193
                Attorneys for Defendant,
                Union Capital Mortgage Business Trust
                MARTIN, MAGNUSON, MCCARTHY &
                    KENNEY
                101 Merrimac Street
                Boston, MA  02114
                (617) 227-3240