UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT SMITH and MARIA DASILVA, )<br>)<br>    Plaintiffs )<br>)<br>v. )<br>)<br>DWIGHT JENKINS, CHERRY JENKINS, )<br>DOREA SMITH, ROBERT E. KELLEY, )<br>RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, )<br>EB REAL ESTATE GROUP, INC., )<br>NEW ENGLAND MERCHANTS CORP, )<br>UNION CAPITAL MORTGAGE BUSINESS )<br>TRUST, MID CITY MORTGAGE, LLC, )<br>DORCHESTER REAL ESTATE, INC. )<br>FREMONT INVESTMENT AND LOAN and )<br>MERITAGE MORTGAGE CORPORATION, )<br>)<br>    Defendants ) | Case No. 1:07-cv-12067-RSG |

**PLAINTIFFS' ESTIMATE OF TRIAL PRESENTATION TIME PURSUANT TO THE COURT'S ORDER OF SEPTEMBER 23, 2010**

NOW COME the plaintiffs and state that approximately 55 hours will be required to present the plaintiffs' case at trial.

1

2

Respectfully submitted,

ROBERT SMITH and
MARIA DASILVA,

By their attorneys:

/s/ Jonathan D. Plaut

Jonathan D. Plaut
BBO#: 638344
CHARDON LAW OFFICES
One State Street, Suite 1200
Boston, MA 02109
Tel: (617) 451-3200
Fax: (617) 451-3555
Electronic mail: jdplaut@chardonlaw.com

Date: September 28, 2010

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

Pursuant to Local Rule 7.1(A)(2), undersigned counsel certifies that plaintiff's counsel has conferred with counsel for Union Capital (September 29, 2008, at approximately 2:50 p.m., via telephone, which was conducted by Attorney Baker and Attorney Robertson), Mid City Mortgage (on October 6, 2008 at 4:00 p.m., via telephone, which was conducted by Attorney Plaut and Attorney Pellitier) and New England Merchants Corp (on September 16, 2008, via telephone, which was conducted by Attorney Plaut and Attorney Markoff) and has attempted in good faith to obtain the requested discovery responses without court action, to no avail.

Respectfully submitted,

/s/ Jonathan D. Plaut

Jonathan D. Plaut
BBO#: 638344
CHARDON LAW OFFICES
One State Street, Suite 1200
Boston, MA 02109
Tel: (617) 451-3200
Fax: (617) 451-3555
Electronic mail: jdplaut@chardonlaw.com

Date: October 7, 2008

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SMITH and MARIA DASILVA, )<br>)<br>    Plaintiffs )<br>)<br>v. )<br>)<br>DWIGHT JENKINS, CHERRY JENKINS, )<br>DOREA SMITH, ROBERT E. KELLEY, )<br>RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, )<br>EB REAL ESTATE GROUP, INC., )<br>NEW ENGLAND MERCHANTS CORP, )<br>UNION CAPITAL MORTGAGE BUSINESS )<br>TRUST, MID CITY MORTGAGE, LLC, )<br>FREMONT INVESTMENT AND LOAN and )<br>MERITAGE MORTGAGE CORPORATION, )<br>)<br>    Defendants ) | Case No. 1:07-cv-12067-RSG |

**AFFIDAVIT OF JEFFREY S. BAKER ESQUIRE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER DISCOVERY RESPONSES FROM DEFENDANTS UNION CAPITAL MORTGAGE BUSINESS TRUST, MID-CITY MORTGAGE AND NEW ENGLAND MERCHANTS CORP**

I, Jeffrey S. Baker, on personal knowledge, information and belief, state on oath, as follows:

1. I am an attorney licensed to practice law before the Courts of the Commonwealth of Massachusetts;

2. I have been admitted to practice law since 1985;

3. I am admitted to practice before the Federal District Court for District of Massachusetts since 1985;

4. I am co-counsel for the plaintiffs in this cause of action;

5. I had, in accordance with Local Rule 37.1, a number of conferences with attorney Doug Robertson who represents the defendant Union Capital Mortgage Business Trust;

4

6. I called Attorney Robertson on September 16, 20008 at 9:35 a.m. to discuss the discovery dispute relative to the production of documents and the response to interrogatories which is the subject of the motion presented to this Honorable Court;

7. At that time, Attorney Robertson indicated that he would not release any information that we sought with respect to the borrowers. This conference was held in Boston and lasted approximately 15 minutes;

8. On September 29, 2008, at approximately 2:50 p.m. I once again had a telephone conference with attorney Robertson again concerning the discovery dispute;

9. During such conversation I offered to enter into a confidentiality agreement to protect the borrowers from the revelation or misuse of any of the borrowers' confidential information. Attorney Robertson refused this offer. I also requested P.J. Goodwin's personnel file including disciplinary information, but Attorney Robertson refused;

10. I then suggested that he and I present to this Honorable Court a joint motion for a protective order. Once again, attorney Robertson refused that offer, stating that he did not intend to "help me in any way" to obtain such discovery. I sent to Attorney Robertson an email a copy of which is annexed hereto on the same day memorializing my inability to persuade him to provide the discovery;

11. Attorney Robertson made abundantly clear to me that he would not reveal any of the information sought in the absence of a Court order requiring him to so the same.

This under the pains and penalties this 6th day of October, 2008.

/s/ Jeffrey S. Baker
———————————————
Jeffrey S. Baker, Esquire

5

# EXHIBIT A

**From:** bakerlaw@aol.com [mailto:bakerlaw@aol.com]
**Sent:** Monday, September 29, 2008 3:35 PM
**To:** Douglas A. Robertson; jdplaut@chardonlaw.com
**Subject:** local rule 37.1 conference regarding the most recent request for production of documents

Dear attorney Robertson;

This correspondence shall confirm that today at 3: 15 you and I had a discussion regarding our interest and our belief that the documents in possession of your client relative to certain borrowers are discoverable. In our conference we discussed certain provisions of 15 U.S.C. section 6802 and 16 CFR 313.15 that provide a basis for the discovery and disclosure of certain otherwise protected information. I offered to enter into an appropriate confidentiality agreement with you to protect your client's interests and you have refused.

In our conversation you indicated that "we seem to have a difference of opinion" as to whether the documents sought are subject to discovery and you did not intend to reveal the information absent a Court Order. In addition, you refused to provide to me any contact information in order to contact the witnesses to determine if they would consent to such disclosure.

In addition, please be aware of the fact that our inquiry of the Banking Commissioner's office and our review of the applicable State laws does not indicate that there exists "more protective" law that the state has the right to follow in further limiting the disclosure of this information.

As such, we will now seek Court intervention.

Jeffrey S. Baker
2 West Hill Place
Boston, MA 02114
617 573 9505