**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO: 1:07-CV-12067**

---

**ROBERT SMITH and MARIA DASILVA**
    **Plaintiffs**

**v.**

**DWIGHT JENKINS, CHERRY JENKINS, DOREA SMITH,**
**ROBERT E. KELLEY, RKELLEY-LAW, P.C.**
**LOUIS G. BERTUCCI, EB REAL ESTATE GROUP, INC.,**
**DORCHESTER REAL ESTATE, INC., NEW ENGLAND**
**MERCHANTS CORP. UNION CAPITAL MORTGAGE**
**BUSINESS TRUST, MID CITY MORTGAGE, LLC.**
**FREMONT INVESTMENT AND LOAN and**
**MERITAGE MORTGAGE CORPORATION,**
    **Defendants**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EB REAL ESTATE GROUP, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE CONCERNING UNRELATED REAL ESTATE TRANSACTIONS**

NOW COMES Defendant EB Real Estate Group, Inc. and moves *in limine* for an order precluding the Plaintiff Robert Smith ("Smith") from calling as witnesses four individuals who, like Smith, allegedly entered into straw buyer agreements with Defendant Dwight Jenkins ("Jenkins"), namely Meredith Macharia ("Macharia"), Eric Mbaya ("Mbaya"), Daniel Montrond ("Montrond"), Terrae Gethers ("Gethers") (collectively, the "Additional Straw Buyers"). The Additional Straw Buyers are plaintiffs in two Superior Court actions pending in Suffolk County in which EB Real Estate is a defendant, *Montrond, et al. v. EB Real Estate Group, Inc., Dwight Jenkins, Ella Jenkins, Cherry Jenkins, Zeus Funding LLC and Mid-City Mortgage, LLC*, Civil Action No. 06-3375-A and *Macharia, et al. v. Dwight Jenkins, Dorea Smith, Claude McClinton, EB Real Estate Group, Inc., Robert Kelley, RKelley-Law, P.C., Louis G. Bertucci, Zeus Funding,*

1

*LLC, Union Capital Mortgage Business Trust and New England Merchants Corp.*, Civil Action No. 06-2460-H (collectively, the "State Court Actions"). With respect to EB Real Estate, the allegations made by the Additional Straw Buyers are nearly identical to the allegations made by Robert Smith against EB Real Estate in the instant action. On August 23, 2010, the counsel for Smith and Plaintiff Maria DaSilva (collectively "Plaintiffs") sent a "preliminary" list of proposed exhibits and witnesses to all counsel by email. See Memorandum of Law in Support of Defendant Mid-City Mortgage, LLC's Motion to Preclude Evidence Concerning Other Straw Buyers, Document 298 at Exhibit A. Plaintiff's "preliminary list" includes reference to "All documents relating to Meredith Macharia's purchase of 105 Centre Street, Quincy", "Verifications of Rent for Meredith Machaira [sic], Robert Smith, Maria DaSilva and Eric Mbaya" and "All documents relating to Eric Mbaya's purchase of [certain properties in Dorchester and Brockton]." Plaintiffs are also proposing to introduce at trial documents concerning still additional individuals who entered into alleged "straw buyer" agreements.

As set forth in detail below, this Court should preclude Smith from offering any evidence or testimony concerning these unrelated real estate transactions because: (1) such evidence is not relevant, as it is not related to the two real estate transactions which form the basis of Smith's allegations against EB Real Estate; (2) such evidence is inadmissible under the Federal Rules of Evidence; (3) such evidence is unfairly prejudicial to EB Real Estate in that there is considerable risk the jury will infer from the evidence that EB Real Estate had a propensity to defraud individuals and will require that Smith and EB Real Estate Group conduct lengthy mini-trials concerning the claims made by these additional straw buyers in the State Court Action, which will needlessly complicate and unduly lengthen the trial; and (4) this Court has previously ruled that Plaintiff Maria DaSilva will be precluded from introducing similar (and, as to Gethers,

identical) evidence. See Electronic Order Granting Motion in Limine to Preclude Evidence of Other Straw Buyers Who Engaged Mid City to Procure Home Loans (Document No. 297).

**I.   EVIDENCE CONCERNING THE UNRELATED REAL ESTATE TRANSACTIONS IS NOT RELEVANT TO SMITH'S CLAIMS AGAINST EB REAL ESTATE.**

Smith has four remaining jury claims against EB Real Estate: fraud, breach of fiduciary duty, breach of contract and the implied covenant of good faith and fair dealing, and civil conspiracy. Evidence is relevant to Smith's claims only if it makes the existence of a fact that is of consequence to the determination of the claim "more probably or less probably than it would be without the evidence." Fed. R. Evid. 401. Evidence concerning the Additional Straw Buyers is not relevant to any of Smith's claims against EB Real Estate because it does not make the existence of any of the following more probable: (1) whether Jenkins defrauded **Smith**, (2) whether EB Real Estate and **Smith** had a fiduciary relationship, (3) whether EB Real Estate and **Smith** entered into an oral contract, (4) whether EB Real Estate and Jenkins had an agreement or common design to defraud **Smith** and engaged in a fraudulent act in concert with Jenkins in furtherance of that agreement or common design, or (5) whether EB Real estate unlawfully intended to substantially assist or encourage Jenkins' defrauding of **Smith** and shared Jenkins alleged objective to defraud him. In other words, evidence concerning the Additional Straw Buyers bears only on their transactions and not on Smith's purchases of either 27 West Cottage Street, Dorchester or 2715 Winfield Lane, Dighton. Accordingly, evidence concerning the unrelated real estate transactions is not relevant to Smith's claims against EB Real Estate and is inadmissible under Fed. R. Evid. 402.

## II. EVIDENCE CONCERNING THE UNRELATED REAL ESTATE TRANSACTIONS IS INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE.

### A. Evidence Concerning The Additional Straw Buyers Does Not Constitute Evidence of "Routine Practice" Under Fed. R. Evid. 406.

EB Real Estate anticipates that Smith is seeking to introduce evidence of the Additional Straw Buyers to demonstrate a purported "routine practice" of EB Real Estate. Under Fed. R. Evid. 406, habit evidence is admissible only if it is illustrative of the "regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn." U.S. v. Newman, 982 F.3d 665, 668 (1st Cir. 1992) (citing Advisory Committee Note to Rule 406). The offering party must establish that the "behavior at issue 'occurred with sufficient regularity making it more probably than not that it would be carried out in every instance or most instances.'" Id. (quoting Weil v. Salzer, 873 F.2d 1453, 1461 (D.C. Cir. 1989)). The two critical factors for determining whether the "patter of conduct or habit are sufficiently numerous to permit the inference of systematic conduct" are the "adequacy of sampling and uniformity of response." Loussier v. Universal Music Group, Inc., 2006 U.S. Dist. LEXIS 45431, *8 (S.D.N.Y. August 30, 2005); see also Newman, 982 F.3d at 668.

Here, the additional Straw buyers are sufficiently small in number that they do not provide an adequate sample to permit an inference of systematic conduct. Moreover, evidence concerning the Additional Straw Buyers will not demonstrate that EB Real Estate Group had a uniform response to a repeated specific situation because the facts and circumstances of the Additional Straw Buyers' transactions varied. Accordingly, this Court should not permit Smith to introduce evidence concerning the Additional Straw Buyers because such evidence does not

demonstrate that EB Real Estate Group acted in a manner with sufficient regularity such that the jury could draw any inference concerning EB Real Estate's conduct with Smith based on EB Real Estate's alleged relationship to the Additional Straw Buyers.

> B. <u>Smith May Not Use Evidence Concerning the Additional Straw Buyers to Demonstrate "Propensity".</u>

EB Real Estate expects that Smith is seeking to use evidence of the Additional Straw Buyers for the purpose of proving that EB Real Estate and Jenkins or others conspired to defraud Smith. In other words, Smith hopes to show that Jenkins and EB Real Estate conspired to defraud the Additional Straw Buyers and that the jury should infer that EB Real Estate and Jenkins conspired to defraud Smith, as well. Such "propensity" evidence is prohibited by Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.") <u>See</u> <u>DiRico v. Quincy</u>, 404 F.3d 464, 467-69 (1st Cir. 2005) (in action alleging excessive force by defendant police officer, district court did not err by excluding from trial all evidence pertaining to an arrest that occurred several weeks prior to plaintiff's arrest where same officer was accused of using excessive force). This Court should preclude Smith from calling the Additional Straw Buyers as witnesses or introducing any evidence concerning the Additional Straw Buyers, as such evidence constitutes inadmissible propensity evidence.

**III.  ANY PROBATIVE VALUE OF EVIDENCE OF UNRELATED REAL ESTATE TRANSACTIONS IS OUTWEIGHED BY UNFAIR PREJUDICE TO EB REAL ESTATE, JURY CONFUSION AND UNDUE DELAY BECAUSE OF THE NEED TO LITIGATE IN THIS ACTION ALL THE ISSUES ALREADY RAISED IN THE STATE COURT ACTION.**

Permitting Plaintiff to introduce evidence concerning the Additional Straw Buyers will unduly delay the trial of this matter, confuse the jury and unfairly prejudice EB Real Estate. <u>See</u> Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.")  EB Real Estate, of course, disputes all of the claims brought by the Additional Straw Buyers and is continuing to defend against those claims in the State Court Action.  Accordingly, if the Court permits Smith to introduce evidence concerning the allegations asserted by the Additional Straw Buyers, mini-trials will be necessary with respect to those allegations, which will dramatically and unnecessarily extend the length of this trial and confuse the jury.  Moreover, there is a considerable risk that EB Real Estate would be prejudiced by the introduction of evidence relating to the Additional Straw Buyers, as the jury may infer from such evidence that EB Real Estate has a propensity to engage in fraudulent conduct and, on that basis alone, may find that EB Real Estate conspired with Jenkins or others to defraud Smith.  Several Courts have held that the probative value of references to other litigation in which the parties are or have been involved is substantially outweighed by the prejudicial effect of such evidence. See Estate of Spinosa v. International Harvester Co., 621 F.2d 1154, 1157 n.2 (1st Cir. 1980) (upholding trial court's exclusion of pleadings from a separate tort case arising from the same accident on the grounds that "relevance is minimal [and] admission of them would potentially prejudice the jury."); Engquist v. Oregon Dep't of Agriculture, 478 F.3d 985, 1009-10 (9th Cir. 2007); Coleman Motor Co. v. Chrysler Corp., 525 F.2d 1338, 1351 (3rd Cir. 1975) .  For these reasons, this Court should preclude Smith from introducing any evidence concerning the Additional Straw Buyers as any probative value of such evidence would be substantially outweighed by the danger of undue prejudice and would substantially extend the time of this trial.

**IV.     THIS COURT HAS PREVIOUSLY RULED THAT PLAINTIFF MARIA DASILVA WILL BE PRECLUDED FROM INTRODUCING SIMILAR EVIDENCE AT TRIAL.**

This Court has previously ruled that Plaintiff Maria DaSilva will be precluded from introducing similar (and, as to Terrae Gethers, identical) evidence concerning the Additional Straw Buyers.  See August 25, 2010 Electronic Order granting Motion in Limine to Preclude Evidence of Other Straw Buyers, filed by Defendant Mid-City Mortgage (Document No. 297).  For the sake of consistency at trial, EB Real Estate respectfully requests that this Court preclude Plaintiff Robert Smith from introducing evidence concerning the Additional Straw Buyers for all the reasons stated in this Motion.

## CONCLUSION

For the foregoing reasons, EB Real Estate Group, Inc. respectfully requests that this Court preclude Robert Smith from introducing any evidence or making any statements or arguments to the jury, concerning the Additional Straw Buyers.

> **Respectfully submitted,**
> **DEFENDANT**
> **EB REAL ESTATE GROUP, INC.,**
> **By its counsel,**
>
> **/s/ Elizabeth E. Feeherry**
> **Joseph A. King, BBO # 558164**
> **jking@murphyriley.com**
> **Mary A. Azzarito, BBO # 566734**
> **mazzarito@murphyriley.com**
> **Elizabeth E. Feeherry, BBO#670413**
> **efeeherry@murphyriley.com**
> **MURPHY & RILEY, P.C.**
> **141 Tremont Street**
> **Boston, MA  02111**
> **(617) 423-3700**

**Dated:  October 3, 2010**

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, if any, on October 3, 2010.

*/s/ Elizabeth E. Feeherry*_____
Elizabeth E. Feeherry