UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SMITH and MARIA DASILVA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIV. ACTION NO. 07-12067-RGS |
| | ) | |
| DWIGHT JENKINS, CHERRY JENKINS, | ) | |
| DOREA SMITH, ROBERT E. KELLEY, | ) | |
| RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, | ) | |
| EB REAL ESTATE GROUP, INC., | ) | |
| DORCHESTER REAL ESTATE, INC., NEW | ) | |
| ENGLAND MERCHANTS CORP., UNION | ) | |
| CAPITAL MORTGAGE BUSINESS TRUST, | ) | |
| MID CITY MORTGAGE, LLC, FREMONT | ) | |
| INVESTMENT & LOAN and MERITAGE | ) | |
| MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MID CITY MORTGAGE, LLC'S PROPOSED JURY INSTRUCTIONS

## CIVIL CONSPIRACY TO COMMIT FRAUD

The plaintiffs claim four conspiracies to defraud them. First, Smith claims that Jenkins, EB Real Estate, Dorchester Real Estate and New England Merchants conspired to defraud him into taking out loans and purchasing the Dighton Property.  Second, Smith claims that Jenkins, EB Real Estate, Dorchester Real Estate and Union Capital conspired to defraud him into taking out loans and purchasing the Boston Property.  Third, DaSilva claims that Jenkins and Union Capital conspired to defraud her into taking out loans and purchasing the Brockton Property.  Fourth, DaSilva claims that Jenkins and Mid City conspired to defraud her into taking out loans and purchasing the Whitman Property.[1]  You must consider each alleged conspiracy and each defendant separately and you must enter a verdict as to each defendant in each of the four alleged conspiracies.

With respect to each of the four alleged conspiracies, the plaintiffs claim that Jenkins defrauded them into taking out loans and purchasing properties; however the plaintiffs also claim that other defendants are liable for Jenkins' fraud.  There are two theories of civil conspiracy under which you may find other defendants liable for Jenkins' fraud, and I will explain those two theories to you.  However, to find in favor of a plaintiff on an alleged conspiracy, you must first find that that plaintiff proved that Jenkins defrauded that plaintiff into taking out the loans and purchasing the property in question.[2]  If there is no fraud, there can be no civil conspiracy to commit fraud.   If you find that Jenkins did not defraud the plaintiff into taking out the loans and purchasing the property in question, you must enter a verdict in favor of each of the defendants as to that particular alleged conspiracy.

---

[1] Memorandum and Order on Defendants' Motion to Dismiss at 24,
[2] Taylor v. The Amer. Chemistry Council, 576 F.3d 16, 35 (1st. Cir. 2009) ("this type of civil conspiracy requires an underlying tort").

As I stated, there are two theories of civil conspiracy.  If you determine that the plaintiff has met his or her burden of proof on either theory as to any one defendant, you should enter a verdict for the plaintiff and against that defendant.

Under the first theory, which is called the "concert of action" theory, the plaintiff has the burden of proving two elements.  First, the plaintiff must prove that Jenkins and the defendant had an agreement or a common design to defraud that plaintiff into taking out the loans and purchasing the property at issue.[3]  Second, the plaintiff must prove that the defendant engaged in a fraudulent act in concert with Jenkins or in furtherance of their agreement or common design to defraud the plaintiff into taking out the loans and purchasing the property in question.[4]  To find for a plaintiff and against any one defendant, you must find that the plaintiff proved both elements as to that defendant.

The second theory of civil conspiracy is the "substantial assistance" theory.  Under this theory, the plaintiff must prove two elements.  To find for a plaintiff and against any one defendant, you must find that the plaintiff proved both elements as to that defendant. First, the plaintiff must prove that the defendant gave substantial assistance or encouragement to Jenkins' fraudulent conduct.[5]  To be "substantial," the assistance or encouragement must be a

---

[3] Aetna Casualty Surety Co. v. P&B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994) ("there must be, first, a common design or an agreement, although not necessarily express, between two or more person to do a wrongful act"); Payton v. Abbot Labs, 512 F.Supp. 1031, 1035 (D.Mass. 1981) ("The first [element of the theory by which a defendant is held liable for the tortious acts of another] is that the defendant and the other have an agreement to perform the act or achieve the particular result.").

[4] Aetna Casualty Surety Co. v. P&B Autobody, 43 F.3d at 1564 (stating that second element of "concerted action" theory of civil conspiracy is "proof of some tortious act in furtherance of the agreement"); Payton v. Abbot Labs, 512 F.Supp. 1031 at 1035 ("The second element of the ["concert of action"] theory is that the defendant's own conduct must be tortious").  "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he  . . . does a tortious act in concert with the other or pursuant to a common design with him." Kyte v. Philip Morris Inc., 408 Mass. 162,166 n. 5 (1990) (quoting Restatement (Second) of Torts § 876(a)).

[5] Taylor v. The Amer. Chemistry Council, 576 F.3d at 35.

substantial factor in causing Jenkins' defrauding of the plaintiff.[6]  Second, the plaintiff must prove that the defendant possessed an unlawful intent, by which I mean that (1) the defendant knew that Jenkins was defrauding the plaintiff into taking out the loans and purchasing the property and (2) the defendant intended to substantially assist or encourage Jenkins to defraud the plaintiff into taking out the loans and purchasing the property. [7]  To prove that a defendant intended to substantially assist or encourage Jenkins to defraud the plaintiff into taking out the loans and purchasing the property, the plaintiff must prove that the defendant shared Jenkins' objective to defraud the plaintiff.[8]

---

[6] Id.

[7] Id. at 35-36.

[8] Id. at 35 n. 5.

FRAUD-ELEMENTS

To find in favor of a plaintiff who has alleged that a defendant committed fraud, you must find that the plaintiff proved each of the following elements by a preponderance of the evidence:

1.   that the defendant made a false representation of material fact to the plaintiff;

2.   that the defendant made such statement to the plaintiff with knowledge of its falsity;

3.   that the defendant made such statement to the plaintiff for the purpose of inducing the plaintiff to act in reliance thereon;

4.   that the plaintiff reasonably relied upon the defendant's representation; and

5.   that the plaintiff acted to his or her detriment.[9]

A misrepresentation is material if it is shown that the misrepresentation was one of the principal grounds that caused the plaintiff to take the particular action that the defendant intended him or her to take as the result of such representations, and that otherwise, the plaintiff would not have taken such action.[10]

Plaintiffs may recover only if their reliance on the defendants' statements was reasonable and justifiable under the circumstances.[11]   The plaintiffs are not entitled to rely upon misrepresentations that are preposterous or palpably false.[12]

Plaintiffs are not entitled to rely on a representation that they know to be false or if its falsity is obvious to them.  If a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious.[13]   A person claiming justifiable reliance is required to use his senses, and cannot recover if he or she blindly relies upon a misrepresentation the falsity of which would be

---

[9] Amstrong v. Rohm & Haas Co., 349 F. Supp. 2d 71, 81 (D. Mass. 2004).

[10] Nat'l Car Rental Sys., Inc. v. Mills Transfer Co, 7 Mass. App. Ct 850, 852 (1979).

[11] Collins v. Huculak, 57 Mass. App. Ct. 387, 391 (2003).

[12] See Kabatchnick v. Hanover-Elm Bldg. Corp., 328 Mass. 341, 344 (1952).

[13] Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 468 (2003); see also Masingill v. EMC Corp., 449 Mass. 532, 541 (2007).

obvious if he or she utilized the opportunity to make a cursory examination or investigation.[14]

A plaintiff acts to his or her detriment if he or she suffers a financial loss.[15]

If the plaintiffs have failed to prove any one of these five things, then your verdict must be for the defendants.[16]

---

[14] *Collins v. Huculak*, 57 Mass. App. Ct. at 392.

[15] *See generally* MASSACHUSETTS SUPERIOR COURT CIVIL PRACTICE JURY INSTRUCTIONS, § 20.1 (MCLE, Inc. rev. ed. 2008)

[16] *See supra* fn. 15 (citing to RESTATEMENT (SECOND) OF TORTS §525 (1977)).

By its attorneys,

/s/ Kate Moran Carter
John R. Bauer (BBO# 630743)
Kate Moran Carter (BB# 663202)
Katherine S. Kayatta (BBO# 675487)
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
(617) 557-5900
jbauer@rc.com
cnewton@rc.com
kkayatta@rc.com

Dated:  October 5, 2010


**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2(b), I, Kate Moran Carter, hereby certify that this

document filed through the ECF system will be sent electronically to the registered participants

as identified on the Notice of Electronic Filing.

/s/ Kate Moran Carter
Kate Moran Carter