UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SMITH and MARIA DASILVA,<br><br>Plaintiffs,<br><br>v.<br><br>DWIGHT JENKINS, CHERRY JENKINS, DOREA SMITH, ROBERT E. KELLEY, R.KELLY-LAW P.C., LOUSE G. BERTUCCI, EB REAL ESTATE GROUP, INC., DORCHESTER REAL ESTATE, NEW ENGLAND MERCHANTS CORP., UNION CAPITAL MORTGAGE BUSINESS TRUST, MID CITY MORTGAGE, LLC, FREEMONT INVESTMENT AND LOAN and MERITAGE MORTGAGE CORPORATION,<br><br>Defendants. | Case No. 1:07-cv-12067 RGS |

**DEFENDANT NEW ENGLAND MERCHANTS CORP.'S PROPOSED JURY INSTRUCTIONS**

A.   **FRAUD**

1.   [Elements of Fraud]   Smith alleges that New England Merchants Corp. is liable to him for fraud.   To prove fraud, Smith must prove that the New England Merchants Corp. made a false statement of a material fact for the purpose of inducing Smith to act.   Smith must also prove that he relied on the on the false statement to the his detriment."

Ravosa v. Zais, 40 Mass. App. Ct. 47, 52 (1996), further app. rev. denied, 422 Mass. 1108, 664 N.E.2d 1198 (1996)(quoting Zimmerman v. Kent, 31 Mass. App. Ct. 72, 77 (1991); Hogan v. Riemer, 35 Mass. App. Ct. 360, 365 (1993); VMark Software, Inc. v. EMC Corp., 37 Mass. App. Ct. 610, 617 n.9 (1994).

2.    [Materiality]   A misrepresentation is material if it is shown that the misrepresentation was one of the principal grounds (although not necessarily the sole ground) that caused the plaintiff to take the particular action that the defendant intended [him/her] to take as the result of such representations, and that otherwise, the plaintiff would not have taken such action.

Nat'l Car Rental Sys., Inc. v. Mills Transfer Co., 7 Mass.App.Ct. 850, 852 (1979).

3.     [Intention That Plaintiff Would Rely upon False Statement] Smith must prove that the New England Merchants Corp. intended that the Smith would rely on the misrepresentation which he alleges was made.

Snyder v. Sperry & Hutchinson Co., 368 Mass. 433, 445, 333 N.E.2d 421, 428 (1976).

4.    [Reasonable reliance].   If you find that NEMCO made a misrepresentation to Smith and that Smith relied on it, Smith may recover from NEMCO only if his reliance on the New England Merchants Corp.'s misrepresentation was reasonable.

Hogan v. Riemer, 35 Mass.App.Ct. 360, 365 (1993).

5.    [Effect of Plaintiff's illiteracy and psychological problems] A person who executes (that is, signs) a document is ordinarily held to its terms whether or not he or she has read it and whether or not he or she claims to have understood its terms. Smith contends that he cannot read and therefore did not read or understand the information contained on his mortgage loan application concerning Smith's purchase of the Dighton property. You may find New England Merchants Corp. liable to Smith for making a misrepresentation to Smith in his mortgage loan application only if you also find that New England Merchants Corp. had knowledge of Smith's illiteracy and psychological problems.

Court's Decision on the several defendants motions for summary judgment, Document No. 259, filed 6/18/10 (citing Spritz v. Lishner, 355 Mass. 162, 164 (1969).

**B.    BREACH OF FIDUCIARY DUTY**

1.    [Elements of Fiduciary Relationship]

Smith alleges that he had a fiduciary relationship with New England Merchants Corp.  In order to find that a fiduciary relationship existed between Smith and New England Merchants Corp., you must first find that Smith reposed his trust and confidence in New England Merchants Corp. and was dependent on New England Merchants Corp.'s judgment in business affairs and property matters, and that New England Merchants Corp. had knowledge of Smith's reliance on it and that New England Merchants Corp. also had knowledge that Smith was a novice at real estate investment and did not have the capacity to understand the underlying transaction in which Smith purchased and mortgaged the Dighton Property.

See Court's Decision on the several defendants motions for summary judgment, Document No. 259, filed 6/18/10 at 21 (citing Broomfield v. Kosow, 349 Mass. 749, 755 (1965); Collins v. Huculak, 57 Mass. App. Ct. 387, 395 (2003).

## C.   **CIVIL CONSPIRACY**

1.   Smith alleges that New England Merchants Corp. took part in a civil conspiracy against him.   To prove a civil conspiracy involving New England Merchants Corp., Smith must prove that New England Merchants Corp. worked in concert with others, as part of an agreement or common scheme, to do a wrongful act against Smith.   If there is no evidence of an actual agreement between New England Merchants Corp. and at least one other party to perform a wrongful act, then Smith must prove that New England Merchants Corp. had knowledge of that it was acting in a substantial, supporting role in an unlawful enterprise.

Court's Decision on the several defendants motions for summary judgment, Document No. 259, filed 6/18/10 at 23; <u>Kyte v. Philip Morris, Inc.</u>, 408 Mass. 162, 168 (1990).

**D.    REQUESTED INSTRUCTIONS CONCERNING NEMCO'S POTENTIAL
LIABILITY FOR AN INDEPENDENT CONTRACTOR'S TORTS:**

1.    [Test for distinguishing independent contractor from
employee]  Smith alleges that New England Merchants Corp. is
responsible for the consequences of incorrect information which
Rachel Noyes placed on Smith's mortgage loan application for the
Dighton Property.

To determine New England Merchants Corp.'s liability (if
any) based on Rachel Noyes's actions, you must first determine
whether Rachel Noyes was an employee of New England Merchants
Corp. or whether she was merely an independent contractor.  An
independent contractor is not an employee.

"'If in the performance of his work an individual is at all
times...subject to the direction and supervision as to details,
he is an employee; but if he is only responsible for the
accomplishment of an agreed result in an agreed manner, he is an
independent contractor.'...In addition to control and
supervision, relevant factors in identifying an employee may
include the method of payment; the skill required in the
occupation in question; the purported employer's provision of
tools, instrumentalities, and a place of work; and the parties'
understanding of the nature of the relationship created."

National Association of Government Employees v. Labor Relations
Commission, 59 Mass.App. Ct. 471, 474 (2003)(quoting O'Malley's
Case, 361 Mass. 504, 505 (1972)).

2.     [Liability of Party for Independent Contractor's Actions]  A party is not liable for the acts of an independent contractor unless the party "retained the right to control the work".

St. Germaine v. Pendergast, 411 Mass. 616, 622 (1992).

## ADDITIONAL INSTRUCTIONS BASED ON COURT'S SUMMARY JUDGMENT DECISION

In its Decision on the several defendants motions for summary judgment, Document No. 259, filed 6/18/10 ("Summary Judgment Decision"), this Honorable Court concluded that New England Merchants Corp. may be liable for the Rachel Noyes' actions if Rachel Noyes was acting within the actual or apparent authority of New England Merchants Corp.  While New England Merchants Corp. disagrees with this statement, pursuant to that decision, the following instructions are warranted.  By submitting these proposed instructions, New England Merchants does not waive its objections to or right of appeal based on the Court's holdings in the Summary Judgment Decision.

1.   New England Merchants Corp. may be liable for the Rachel Noyes' alleged misrepresentations only if Rachel Noyes was acting within the actual or apparent authority of New England Merchants Corp.

See Theo and Sons, Inc. v. Mack Trucks, Inc., 431 Mass. 736, 743 (2000)(cited by this Honorable Court in its Summary Judgment Decision at 12-13).

2.   Apparent or ostensible authority "results from conduct by the principal which causes a third person reasonably to believe that a particular person . . . has authority to enter into negotiations or to make representations  as his agent."

Hudson v. Massachusetts Property Insurance Underwriting Association, 386 Mass. 450, 457 (1982).

3.    The test of the apparent authority of an agent is whether the case discloses "written or spoken words or any other conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." Neilson v. Malcolm Kenneth Co.. 303 Mass. 437, 441 (1939)(quoting Globe Ticket Co. of New England v. Boston Retail Grocers' Association, 290 Mass. 235, 238 (1935); accord, Haufler v. Zotos, 446 Mass. 489, 498 n. 22 (2006)(citing Neilson with approval).

4.    Apparent authority is not established by the putative agent's words or conduct, but by those of the principal. O'Malley v. Putnam Safe Deposit Vaults, 17 Mass. App. Ct. 332 (1983); Rubel v. Hayden, Harding & Buchanan, Inc., 15 Mass. App. Ct. 252, 255 (1983).

5.    Conduct of the principal, rather than unauthorized assertions of an agent or the subjective impressions of the third party, determines whether the agent has been cloaked with apparent authority. Miller v. Rent Control Board of Cambridge, 31 Mass. App. Ct. 91, 94 n.4 (1991).

6.    A party seeking to avail himself of the principle of apparent authority must show that he relied upon the manifestation of authority. Federal National Bank v. O'Connell, 305 Mass. 559, 556-57 (1940).

7.    A party seeking to avail himself of the principle of
apparent authority must show that he changed his position in
reasonable reliance on the belief that a person had authority to
enter into negotiations or to make representations as the agent
of a principal.

See Hudson v. Massachusetts Property Insurance Underwriting
Association, 386 Mass. 450, 457 (1982).

NEW ENGLAND MERCHANTS CORP.,
By its attorney,


_____
Michael J. Markoff BBO #547590
P.O. Box 212
Falmouth, MA  02541
(508) 548-5500


## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2010 I served a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system, or if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid.


_____
Michael J. Markoff