UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
ROBERT SMITH and                          )
MARIA DASILVA,                            )
                                          )
        Plaintiffs,                       )
                                          )
v.                                        )        Civil Action No. 1:07-12067-RGS
                                          )
DWIGHT JENKINS;                           )
CHERRY JENKINS; DOREA SMITH,              )
ROBERT E. KELLEY;                         )
RKELLEY-LAW, P.C.; LOUIS G.               )
BERTUCCI; EB REAL ESTATE GROUP            )
INC.; DORCHESTER REALESTATE,              )
INC.; NEW ENGLAND MERCHANTS               )
CORP.; UNION CAPITAL MORTGAGE             )
BUSINESS TRUST; MID CITY                  )
MORTGAGE, LLC; MERITAGE                   )
MORTGAGE CORPORATION,                     )
                                          )
        Defendants.                       )
_____)

## DEFENDANT DORCHESTER REAL ESTATE, INC.'S PROPOSED JURY INSTRUCTIONS

Defendant Dorchester Real Estate, Inc. ("Century 21") pursuant to paragraph 9(a) of the Court's Order Resetting the Case for Jury Trial dated August 26, 2010, and Rule 51(a) of the Federal Rules of Civil Procedure, hereby submits the following request for jury instructions.

Century 21 respectfully reserves the right to supplement these proposed jury instructions upon the close of all evidence.

Respectfully submitted,

DORCHESTER REAL ESTATE, INC.

By its attorneys,


/s/ Thomas K. McCraw, Jr.
Jay S. Gregory, BBO #546708
Jay.Gregory@LeClairRyan.com
Thomas K. McCraw, Jr., BBO# 659480
Thomas.McCraw@LeClairRyan.com
LeClairRyan, A Professional Corporation
One International Place, 11th Floor
Boston, MA  02110
Dated:  October 5, 2010          617-502-8200


## CERTIFICATE OF SERVICE

I, Thomas K. McCraw, Jr., hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system, or if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on this 5th day of October, 2010.


/s/ Thomas K. McCraw, Jr.
Thomas K. McCraw, Jr.

**Elements**

**Fraud**

## PROPOSED JURY INSTRUCTION NO. 1

If a Plaintiff does not establish that a particular Defendant (1) made a false representation, (2) with fraudulent intent, (3) with the intention to induce the plaintiff to rely on the misrepresentation, and (4) the misrepresentation did induce reliance, (5) which was justifiable, and (6) caused damage (pecuniary loss), then you must find for the Defendant.

Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. N.H. 1997) (citing 2 F. Harper, et al., Law of Torts § 7.1, at 381 (2d ed. 1986); Restatement (Second) of Torts § 525 (1977)).

**Elements**

**Fraud**

## PROPOSED JURY INSTRUCTION NO. 2

If a Plaintiff does not establish that a particular Defendant made a false representation of a material fact, with knowledge of its falsity, for the purpose of inducing the Plaintiff to act thereon, and that the Plaintiff relied upon the representation as true and acted upon it to his damage, then you must find for the Defendant.

Macoviak v. Chase Home Mortgage Corp., 40 Mass. App. Ct. 755, 760 (1996) (citing Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982)).

**Fraud**

## PROPOSED JURY INSTRUCTION NO. 3

A defendant can only be held responsible for an intentional or reckless misrepresentation about an existing fact.   A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity is capable of being determined with certainty.   A defendant generally cannot be held responsible for a statement about a future event.  If the Plaintiff does not establish that a particular Defendant intentionally or recklessly misrepresented a fact,  then you must find for the Defendant.

See Kannavos v. Annino, 356 Mass. 42, 50 (1969); *cf.* Swinton v. Whitinsville Sav. Bank, 311 Mass. 677, 678-79 (1942); see also Harris v. Delco Prods., Inc., 305 Mass. 362, 365 (1940) (the law refuses to permit recovery in tort for damages that result from conditions that exist in the future).

**Fraud**

## PROPOSED JURY INSTRUCTION NO. 4

Unless the statement relied upon is "one of fact as opposed to merely a matter of opinion, estimate, or judgment," you must find for the Defendant.

Farynaz v. Burwen, No. 08-ADMS-10028, 2008 WL 5423222, at *2 (Mass. App. Ct. Dec. 17, 2008) (quoting Russell v. Cooley Dickenson Hosp., Inc., 437 Mass. 443, 458 (2002).

**Fraud**

## <u>PROPOSED JURY INSTRUCTION NO. 5</u>

Unless the Defendant made an unqualified statement of fact, knowing it to be false, you must find for the Defendant.

<u>Kozdras v. Land/Vest Properties, Inc.</u>, 382 Mass. 34, 43 (1980) (unless defendant disregards facts susceptible of actual knowledge there is no actual intent to deceive).

**Fraud**

## PROPOSED JURY INSTRUCTION NO. 6

Unless the Defendant made an unqualified statement of fact, which he could have determined with certainty the truth or falsity, you must find for the Defendant.

Kozdras v. Land/Vest Properties, Inc., 382 Mass. 34, 43 (1980) (unless defendant disregards facts susceptible of actual knowledge there is no actual intent to deceive).

**Fraud**

## <u>PROPOSED JURY INSTRUCTION NO. 7</u>

      Unless the Plaintiff can prove that he relied on Defendant's misrepresentation and that such reliance was reasonable, you must find for the Defendant.


<u>Yorke v. Taylor</u>, 332 Mass. 368, 372-73 (1955; <u>see</u> <u>Kabatchnick v. Hanover-Elm Bldg. Corp.</u>, 328 Mass. 341, 344 (1952).

**Fraud - Damages**

## <u>PROPOSED JURY INSTRUCTION NO. 8</u>

The Plaintiff seeks to recover damages which he claims he sustained as a result of a misrepresentation made to him by the Defendant.  One who represents as true that which is false with the intent to deceive the person to whom the representation is made is liable to that person if he/she, believing the representation to be true (acts, refrains from acting) in justifiable reliance upon it and suffers damage as a result.

The burden of proof is on the Plaintiff to establish by clear and convincing evidence each of the following elements.  First, that Defendant made a false representation of fact to him/her.  Second, that Defendant knew or believed it to be false.  Third, that Defendant intended to deceive the Plaintiff.  Fourth, that Plaintiff believed and justifiably relied upon the statement and was induced by it to (action taken or omitted).  Fifth, that as a result of Plaintiff's reliance upon the statement, he sustained damage.

The first question for you to determine is what the Defendant said to the Plaintiff.  If it was a statement of opinion rather than a statement of fact, Defendant cannot be held responsible, for opinions are matters of judgment for which under the circumstances of this case, the law does not impose liability and your verdict will be for the Defendant.  If on the other hand you find that Defendant stated in words or substance that the Defendant assured him that  your finding will be that Defendant made a representation of fact.

If you find that Defendant made a representation of fact, you will next consider whether that representation was true or false.  If you find it was true, your verdict will be for the Defendant.  If you find it was false, you will then determine whether Defendant knew or believed it was false and made the representation with intent to deceive the Plaintiff.  A false statement is made with intent to deceive if it is made with knowledge that it is false.

Whether the Plaintiff was justified in relying on the representation depends upon whether the fact represented is one that a reasonable man would consider important in reaching a decision in the transaction in question.  Even though it is not such an important fact, reliance may be justified if the defendant in making the representation knew that the Plaintiff considered it important and would rely upon it.

If you ultimately conclude that there was no justifiable reliance by the Plaintiff or even if there was not a substantial factor in Plaintiff's decision to enter into the transaction, your verdict will be for the Defendant.

If you find that a reasonable person would have considered the representation important in deciding whether to proceed with the transaction or that Defendant knew that Plaintiff considered the fact important and would rely on it, and you find that Plaintiff's belief of the representation was a substantial factor in his/her decision to engage in the transaction, your verdict would be for the Plaintiff and your attention would then turn to the nature and extent of Plaintiff's damage.

Restatement (Second) of Torts §525 (1977).

**Fraud - Damages**

## <u>PROPOSED JURY INSTRUCTION NO. 9</u>

If the Plaintiff has proved the five elements as explained earlier by a fair preponderance of the credible evidence, them you must go on and determine the amount of money damages to be awarded to the Plaintiff.   By instructing you on damages, I am not suggesting how you should decide this case, I am only informing you what the law is in the event you reach the issue of damages.

If there has been an intentional or reckless misrepresentation, the law provides that a Plaintiff may recover the benefit of what he was promised by a Defendant.  Thus, you are to award the Plaintiff an amount of money that is sufficient to put him in the position he would have been in if the situation had been as represented by the Defendant, if those damages are proved with reasonable certainty.

In addition, if the misrepresentation caused the Plaintiff to incur any additional expenses that were reasonably foreseeable as a result of the Defendant's misrepresentation, then you are to award the Plaintiff an additional amount of money that will compensate him for those additional expense incurred.

<u>Rice v. Price</u>, 340 Mass. 502, 506-07 (1960); Restatement (Second) of Torts, §549; <u>see</u> <u>Anzalone v. Strand</u>, 14 Mass. App. Ct. 45, 49 (1982) (proper measure of damages for intentional misrepresentation was "the difference between the actual value of the real estate and the purchase price, plus any pecuniary loss shown to have been suffered as a consequence of buyer's reliance").

**Breach of Contract**

## <u>PROPOSED JURY INSTRUCTION NO. 10</u>

The Plaintiff claims that the Defendant breached their contract by misrepresenting material information, and as a result, the Plaintiff purchased the Property, which the Plaintiff says he would not have done had he known the true state of affairs.   The Defendant denies that it breached the contract with the Plaintiff.

In order to recover damages from the Defendant, the Plaintiff must establish 1) that the parties reached a valid and binding agreement; 2) that the Defendant breached the terms of that agreement, and; 3) the Plaintiff suffered damages from that breach.

If the Plaintiff fails to establish each one of these three elements, you must find for the Defendant.

<u>Michelson v. Digital Fin. Servs.</u>, 167 F.3d 715, 720 (1st Cir. 1999).

**Breach of Contract – elements**

## PROPOSED JURY INSTRUCTION NO. 11

Unless a Plaintiff can show (1) an agreement, expressed or implied, in writing or oral; (2) for a valid consideration; (3) performance or its equivalent by the Plaintiff; (4) breach by the Defendant; and (5) damage to the Plaintiff, then you must find for the Defendant.

Singarella v. City of Boston, 342 Mass. 385 (1961); Michelson v. Digital Fin. Servs., 167 F.3d 715 (1st Cir. 1999) (to succeed in an action under Massachusetts law, a plaintiff must demonstrate 1) that the parties reached a valid and binding agreement, 2) that the defendant breached the terms of that agreement, and 3) that the plaintiff suffered damage from the breach).

**Breach of Contract**

## <u>PROPOSED JURY INSTRUCTION NO. 12</u>

      If you find that the Plaintiff was not injured by the Defendant's breach of contract, then you must find for the Defendant.


<u>Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc.</u>, 68 Mass. App. Ct. 582, 612 (2007); Restatement (Second) of Contracts§ 350(1) comment b (1981).

**Breach of Contract - Damages**

## PROPOSED JURY INSTRUCTION NO. 13

   Unless damages for breach of contract are the result of loss following as a natural consequence and can be computed upon a firm basis of facts, a Plaintiff cannot recover.

MacDonald v. Hawker, 11 Mass. App. Ct. 869, 877 (Mass. App. Ct. 1981) review denied 384 Mass. 816 (1981) (Damages may be awarded only "so far as loss can be ascertained to have followed as a natural consequence . . . of the breach . . . [T]he complaining party must establish his claim upon a solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis.").

**Conspiracy - Elements**

## PROPOSED JURY INSTRUCTION NO. 14

A conspiracy is an agreement of two or more people to do something that is unlawful.  The elements of a conspiracy are "the existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy."

United States v. Gonzalez-Velez, 466 F.3d 27, 35 (1st Cir. P.R. 2006) (citing United States v. Gomez-Pabon, 911 F.2d 847, 852 (1st Cir. 1990)); Commonwealth v. Benson, 389 Mass. 473, 479 (Mass. 1983) ("The elements of conspiracy are "a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose . . .")

**Conspiracy**

## **PROPOSED JURY INSTRUCTION NO. 15**

 A conspiracy requires more than knowledge, it requires active participation.   If you find that a particular Defendant did not actively participate in the conspiracy of other Defendants, then you must find for that Defendant.


Commonwealth v. Benefit Fin. Co., 360 Mass. 188, 249-250 (Mass. 1971) ("[I]t may be assumed that mere knowledge of an unlawful conspiracy is not sufficient to make one a member of it, but that he must actively participate therein and must do something in furtherance of it before he is liable as a member . . .  It is within the province of the jury to determine from the evidence whether a particular defendant had crossed that line [between mere knowledge and active participation].")

**Conspiracy**

## <u>PROPOSED JURY INSTRUCTION NO. 16</u>

A jury must consider the required elements of conspiracy for *each* defendant.   If you find that a particular Defendant did not voluntarily participate in the conspiracy, you must find for the Defendant.

<u>United States v. Gonzalez-Velez</u>, 466 F.3d 27, 35 (1st Cir. (P.R.) 2006) (District Court explicitly stating that the evidence pertaining to each defendant should be considered separately and individually).

**Conspiracy**

## <u>PROPOSED JURY INSTRUCTION NO. 17</u>

The plaintiffs claim four conspiracies to defraud them. First, Smith claims that Jenkins, EB Real Estate, Dorchester Real Estate and New England Merchants conspired to defraud him into taking out loans and purchasing the Dighton Property. Second, Smith claims that Jenkins, EB Real Estate, Dorchester Real Estate and Union Capital conspired to defraud him into taking out loans and purchasing the Boston Property. Third, DaSilva claims that Jenkins and Union Capital conspired to defraud her into taking out loans and purchasing the Brockton Property. Fourth, DaSilva claims that Jenkins and Mid City conspired to defraud her into taking out loans and purchasing the Whitman Property.[1] You must consider each alleged conspiracy and each defendant separately and you must enter a verdict as to each defendant in each of the four alleged conspiracies.

With respect to each of the four alleged conspiracies, the plaintiffs claim that Jenkins defrauded them into taking out loans and purchasing properties; however the plaintiffs also claim that other defendants are liable for Jenkins' fraud. There are two theories of civil conspiracy under which you may find other defendants liable for Jenkins' fraud, and I will explain those two theories to you. However, to find in favor of a plaintiff on an alleged conspiracy, you must first find that that plaintiff proved that Jenkins defrauded that plaintiff into taking out the loans and purchasing the property in question.[2] If there is no fraud, there can be no civil conspiracy to commit fraud. If you find that Jenkins did not defraud the plaintiff into taking out the loans and purchasing the property in question, you must enter a verdict in favor of each of the defendants as to that particular alleged conspiracy.

As I stated, there are two theories of civil conspiracy. If you determine that the plaintiff has met his or her burden of proof on either theory as to any one defendant, you should enter a verdict for the plaintiff and against that defendant.

Under the first theory, which is called the "concert of action" theory, the plaintiff has the burden of proving two elements. First, the plaintiff must prove that Jenkins and the defendant had an agreement or a common design to defraud that plaintiff into taking out the loans and purchasing the property at issue.[3] Second, the plaintiff must prove that the defendant engaged in a fraudulent act in concert with Jenkins or in furtherance of their agreement or common design to defraud the plaintiff into taking out the loans and

---

[1] Memorandum and Order on Defendants' Motion to Dismiss at 24,

[2] <u>Taylor v. The Amer. Chemistry Council</u>, 576 F.3d 16, 35 (1st. Cir. 2009) ("this type of civil conspiracy requires an underlying tort").

[3] <u>Aetna Casualty Surety Co. v. P&B Autobody</u>, 43 F.3d 1546, 1564 (1st Cir. 1994) ("there must be, first, a common design or an agreement, although not necessarily express, between two or more person to do a wrongful act"); <u>Payton v. Abbot Labs</u>, 512 F.Supp. 1031, 1035 (D.Mass. 1981) ("The first [element of the theory by which a defendant is held liable for the tortious acts of another] is that the defendant and the other have an agreement to perform the act or achieve the particular result.").

purchasing the property in question.[4]  To find for a plaintiff and against any one defendant, you must find that the plaintiff proved both elements as to that defendant.

The second theory of civil conspiracy is the "substantial assistance" theory. Under this theory, the plaintiff must prove two elements.  To find for a plaintiff and against any one defendant, you must find that the plaintiff proved both elements as to that defendant.

First, the plaintiff must prove that the defendant gave substantial assistance or encouragement to Jenkins' fraudulent conduct.[5]  To be "substantial," the assistance or encouragement must be a substantial factor in causing Jenkins' defrauding of the plaintiff.[6]  Second, the plaintiff must prove that the defendant possessed an unlawful intent, by which I mean that (1) the defendant knew that Jenkins was defrauding the plaintiff into taking out the loans and purchasing the property and (2) the defendant intended to substantially assist or encourage Jenkins to defraud the plaintiff into taking out the loans and purchasing the property.[7]  To prove that a defendant intended to substantially assist or encourage Jenkins to defraud the plaintiff into taking out the loans and purchasing the property, the plaintiff must prove that the defendant shared Jenkins' objective to defraud the plaintiff.[8]

---

[4] Aetna Casualty Surety Co. v. P&B Autobody, 43 F.3d at 1564 (stating that second element of "concerted action" theory of civil conspiracy is "proof of some tortious act in furtherance of the agreement"); Payton v. Abbot Labs, 512 F.Supp. 1031 at 1035 ("The second element of the ["concert of action"] theory is that the defendant's own conduct must be tortious").  "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he  . . . does a tortious act in concert with the other or pursuant to a common design with him." Kyte v. Philip Morris Inc., 408 Mass. 162,166 n. 5 (1990) (quoting Restatement (Second) of Torts § 876(a)).
[5] Taylor v. The Amer. Chemistry Council, 576 F.3d at 35.
[6] Id.
[7] Id. at 35-36.
[8] Id. at 35 n. 5.

**Agency**

**PROPOSED JURY INSTRUCTION NO. 18**

**Duties of an Agent**

An agent is only authorized to do that which it is reasonable for him or her to infer that the principal desires him to do in the light of the principal's manifestations and the facts as he or she knows or should know them at the time he or she acts.  An agent is bound to exercise the utmost good faith toward his principal in all dealings within the scope of his agency.  An agent cannot assume any relation that is inconsistent with the free, earnest and honest advancement of the interests of his principal. An agent cannot, without the knowledge and assent of his principal, attempt to act in the interest either of himself or the other party to a bargain, which he is undertaking to promote ostensibly for the benefit of his principal.

Dzuris v. Pierce, 216 Mass. 132, 134 (Mass.1913 ); American Motorists Ins. Co. v. American Ins. Co., 14 Mass. App. Ct. 263, 264 (Mass. App. 1982) (holding that an agent is bound to exercise the utmost good faith toward his principal in all dealings within the scope of his agency and undivided loyalty is due to principal).

Agency

## PROPOSED JURY INSTRUCTION NO. 19

### Authority of Persons to Bind Corporation by Their Acts or Declarations – Actual Authority and Apparent Authority

Some of the defendants in this case are corporations, rather than individuals. A corporation may only act through natural persons as its agents or employees. In general, agents or employees of a corporation may only bind the corporation by acts or declarations made within the scope of the authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

To establish that an agent had actual authority to bind its principal to a transaction or contract with the plaintiff, the plaintiff must prove by a preponderance of the evidence that the principal gave the agent express authority and consent to enter into the alleged transactions or contracts with the plaintiff and bind the principal to those transactions or contracts. If you do not find that the principal gave its express consent to its agent to bind the principal to those transactions, then you must find that the agent did not have actual authority to bind the principal to those transactions.

If you find that the agent did not have actual authority from its principal to enter into a transaction or contract with the plaintiff, you should consider whether the agent was acting with apparent authority. Apparent authority is conferred by conduct of the principal that causes a third person to believe that the supposed agent has authority to perform the act. Apparent authority cannot be established through the words or actions of the purported agent, but only the principal. Moreover, apparent authority may only be found when the third person acted <u>reasonably</u> in believing that, as a result of the <u>principal's</u> words or conduct, the purported agent is authorized to act on the principal's behalf. In other words, the plaintiff must establish that words of actions of the principal caused the plaintiff to believe that the agent was authorized by the principal to enter into a contract with the plaintiff, and that the plaintiff's belief was reasonable.

Apparent authority may be drawn from a variety of circumstances, however, the fact that a principal gives someone office space, a business card with a company logo, access to company email or access to company stationary, are generally not sufficient to permit a finding of apparent authority. You should also consider whether the principal accepted some benefit of a transaction that was purported to be done on the principal's behalf. Generally, a principal cannot accept a benefit from a transaction and then later say that the transaction was conducted without apparent authority. If you find that an agent was not acting with actual authority or apparent authority when they communicated with the plaintiff, then the principal may not be bound by those communications and you must enter a verdict in favor of the principal on all claims.

<u>Sheinkopf v. Stone</u>, 927 F.2d 1259, 1269 (1st Cir. 1991); <u>CSX Transportation, Inc. v. Recovery Express, Inc.</u>, 415 F.Supp. 2d 6, 9-12 (D. Mass. 2006) (finding that supplying business cards with company logo, access to email and access to company stationery insufficient indicia of apparent authority); <u>Commonwealth Aluminum Corp. v. Baldwin Corp.</u>, 980 F. Supp. 598, 611 (D. Mass. 1997); <u>Masek Distrib. v. First State Bank & Trust Co.</u>, 908 F.Supp. 856 (D. Mass. 1995) ("Apparent authority exists where the intentional actions or words of the principal toward third parties reasonably induce or permit third parties to believe that an agency relationship exists.") (discussing actual authority); <u>Theos & Sons, Inc. v. Mack Trucks, Inc.</u>, 431 Mass. 736, 742-745 (2000) ("Apparent authority is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him"); <u>Kavanos v. Hancock Bank & Trust Co.</u>, 14 Mass. App. Ct. 326 (1982) (trappings of office and titles of office insufficient to establish apparent authority); <u>Shoolman v. Wales Mfg.</u>, 331 Mass. 211, 216 (1954) ("It is settled that once cannot accept the benefits of a transaction purporting to be done in his behalf and afterwards repudiate it."); <u>Linkage Corp. v.  Trustees of Boston University</u>, 425 Mass. 1, 16-20 (discussing apparent authority and acceptance of benefit).

**Damages**

## <u>PROPOSED JURY INSTRUCTION NO. 20</u>

The fact that I am instructing you on damages does not mean you will necessarily find that the Plaintiff has suffered damages.   Damages must be set upon a solid foundation in fact.  The Plaintiff cannot recover if an essential element of his damages claimed is based on conjecture, surmise or hypothesis.

<u>See</u> <u>Van Brode Group, Inc. v. Bowditch & Dewey</u>, Mass. App. Ct. 509, 517 (1994); <u>Ulwick v. DeChristopher</u>, 411 Mass. 401, 408 (1991); <u>Stark v. Patalano Ford Sales, Inc.</u>, 30 Mass. App. Ct. 194 (1991), <u>citing</u> <u>Snelling & Snelling v. Wall</u>, 345 Mass 634 (1963) (holding that "[w]hen … damages are sought they must be proved and not left, as here, to speculation. 'This is simply a concrete application of the wider principle … that the complaining party must establish his claim upon a solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis.'") (other citations omitted); <u>Pelletier v. Chouinard</u>, 27 Mass. App. Ct. 92, 95 (1989);  <u>Page v. New England Tel. & Tel. Co.</u>, 9 Mass. App. Ct. 916 (1980); <u>Fall River Savings Bank v. Callahan</u>, 18 Mass. App. Ct. 76, 81 (1974); <u>Frank Cooke, Inc., v. Hurwitz</u>, 10 Mass. App. Ct. 99, 110-112 (1980).

**Damages – Reasonable Degree of Certainty**


## <u>PROPOSED JURY INSTRUCTION NO. 21</u>


It is the Plaintiff's obligation to prove damages with reasonable precision. Damages must be proved with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that the Plaintiff claims to have suffered, including any compensatory damages, must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation.

In order to recover damages, the Plaintiff must establish that his damages are ascertainable by reference to some definite standard, either of market value, established experience, or direct inference from known circumstances.  However, a mathematical certainty in measuring damages is not a prerequisite for recovery.

Therefore, if the evidence submitted by the Plaintiff does not provide you with a reasonable degree of certainty as to the measure of what the actual damages are, then you cannot award the Plaintiff any damages.

**PROPOSED JURY INSTRUCTION NO. 22**

**No Claims By DaSilva Against Dorchester Real Estate, Inc.**

There are two plaintiffs in this case, Robert Smith and Maria DaSilva.  Robert Smith is the only plaintiff with any claims against Dorchester Real Estate, Inc., which the parties have referred to from time to time during trial as "Century 21."  You should not consider any of Maria DaSilva's claims against any other defendant when considering Mr. Smith's claims against Dorchester Real Estate, Inc., a/k/a Century 21.

See Rombola v. Cosindas, 351 Mass. 382 (1966); Lufkin's Real Estate, Inc. v. Aseph, 349 Mass. 343, 346 (1965); Agoos Leather Companies, Inc. v. American & Foreign Ins. Co., 342 Mass. 603, 608 (1961) (stating damages must be "reasonably ascertainable from the evidence"); Bond Pharmacy, Inc. v. Cambridge, 338 Mass. 488, 493 (1959) (explaining that "even if there is negligence on the part of the defendant, [a] plaintiff [cannot] recover if the damage caused by such negligence was purely conjectural"); Rice v. Price, 340 Mass. 502, 508 (1960) (stating mathematical precision in not required); Squeri v. McCarrick, 32 Mass. App. Ct. 203, 209 (1992) ("While proof of damages does not require mathematical precision, it must be based on more than mere speculation."); Stark v. Patalano Ford Sales, Inc., 30 Mass. App. Ct. 194 (1991); Novel Iron Works, Inc. v. Wexler Constr. Co., Inc., 26 Mass. App. Ct. 401, 412 (1988); Gilmore v. Century Bank & Trust Co., 20 Mass. App. Ct. 49 (1985).