UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT SMITH and <br> MARIA DASILVA, <br><br> Plaintiffs, <br><br> v. <br><br> DWIGHT JENKINS; <br> CHERRY JENKINS; DOREA SMITH, <br> ROBERT E. KELLEY; <br> RKELLEY-LAW, P.C.; LOUIS G. <br> BERTUCCI; EB REAL ESTATE GROUP <br> INC.; DORCHESTER REALESTATE, <br> INC.; NEW ENGLAND MERCHANTS <br> CORP.; UNION CAPITAL MORTGAGE <br> BUSINESS TRUST; MID CITY <br> MORTGAGE, LLC; MERITAGE <br> MORTGAGE CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:07-12067-RGS |

## DEFENDANT, DORCHESTER REAL ESTATE, INC.'S
## TRIAL MEMORANDUM

Pursuant to paragraph 7 of the Court's Order Resetting Civil Case for Jury Trial dated August 26, 2010, defendant Dorchester Real Estate, Inc. ("Century 21"), hereby submits its Trial Memorandum addressing issues for which there is a foreseeable dispute concerning issues of law:

**1.    Stan V. Smith, Ph.D.**

In an effort to avoid unnecessary duplication of argument, Century 21 adopts and incorporates by reference Section A of defendant Union Capital Mortgage Trust's Trial Memorandum filed August 20, 2010 (the "Union Capital Trial Memo," Document No.

292), as to the need for a <u>Daubert</u> hearing concerning the plaintiffs' proposed expert witness, Stan V. Smith, Ph.D.

### 2. **Plaintiff Robert Smith Has Not Asserted a Claim for Breach of Fiduciary Duty Against Century 21.**

This Honorable Court's Order dated June 18, 2010 (the "Order," Document No. 259), concerning the various defendants' motions for summary judgment indicates that plaintiff Robert Smith's "breach of fiduciary duty claims against RE/MAX, Century 21, Union Capital, and NEMCO" survive summary judgment. <u>See</u> Order at p. 27.

Plaintiff Smith, however, has never asserted a cause of action for breach of fiduciary duty against Century 21 in any of his complaints in this action. <u>See</u> Complaint; First Amended Complaint; and Second Amended Complaint (Document 248).

Accordingly, Plaintiff Smith cannot now assert a claim for damages against Century 21 at trial.

### 3. **The Method by Which Plaintiff Smith Will Be Examined At Trial**

In an effort to avoid unnecessary duplication of argument, Century 21 adopts and incorporates by reference Section E of the Union Capital Trial Memo concerning the manner in which Plaintiff Smith will be examined at trial in light of his claims of illiteracy.

Respectfully submitted,

DORCHESTER REAL ESTATE, INC.

By its attorneys,

/s/ Thomas K. McCraw, Jr.
Jay S. Gregory, BBO #546708
Jay.Gregory@LeClairRyan.com
Thomas K. McCraw, Jr., BBO# 659480
Thomas.McCraw@LeClairRyan.com
LeClairRyan, A Professional Corporation
One International Place, 11th Floor
Boston, MA  02110
617-502-8200

Dated:  October 5, 2010

## CERTIFICATE OF SERVICE

I, Thomas K. McCraw, Jr., hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system, or if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on this 5th day of October, 2010.

/s/ Thomas K. McCraw, Jr.
Thomas K. McCraw, Jr.