**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ROBERT SMITH and MARIA DASILVA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-12067-RGS |
| DWIGHT JENKINS, CHERRY JENKINS, DOREA SMITH, ROBERT E. KELLEY, RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, EB REAL ESTATE GROUP, INC., DORCHESTER REAL ESTATE, INC., NEW ENGLAND MERCHANTS CORP., UNION CAPITAL MORTGAGE BUSINESS TRUST, MID CITY MORTGAGE, LLC, FREMONT INVESTMENT & LOAN and MERITAGE MORTGAGE CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) | **Leave to File Granted on 10/06/10** |
| Defendants. | ) ) | |

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT**
**SIGNATURE GROUP HOLDINGS, INC. IN LIMINE TO PRECLUDE**
**EVIDENCE OF THE MASS. ATTORNEY GENERAL ENFORCEMENT**
**ACTION AGAINST FREMONT INVESTMENT AND LOAN**

Defendant Signature Group Holdings, Inc. ("Signature") f/k/a Fremont Reorganizing Corporation f/k/a Fremont Investment and Loan ("Fremont") hereby replies in support of its motion *in limine* to preclude admission of any evidence, whether by introduction of exhibits, questions to witnesses during trial, or attorney statements during opening and closing arguments, concerning an enforcement action brought by the Commonwealth of Massachusetts Attorney General (the "AG") against Fremont (the "Motion in Limine"; Docket No. 358). Plaintiffs' Opposition to the Motion in Limine, see Docket No. 359, makes clear that they are seeking to introduce as "evidence" at this trial, copies of two state court decisions in the AG enforcement

action against Fremont. The decisions are: (1) the Suffolk Superior Court's opinion entering a preliminary injunction requiring Fremont to submit for AG review the mortgage loan files for any foreclosures of mortgage loans for which it intended to proceed in Massachusetts, see Commonwealth v. Fremont Invest. & Loan, No. 07-4373-BLS1, 2008 Mass. Super. LEXIS 46 (Mass. Super. Ct., 2008); Docket No. 359-2; and (2) the decision of the Massachusetts Supreme Judicial Court (the "SJC") affirming the Superior Court's decision, see Commonwealth v. Fremont Invest. & Loan, 452 Mass. 733 (2008).

As Signature noted in the Motion in Limine, the state court decisions merely addressed the standard for entering a preliminary injunction, and made no final rulings on the merits of any claim against Fremont. Although the SJC upheld the entry of a preliminary injunction, it specifically noted that the Superior Court judge (Associate Justice Gants, now an Associate Justice of the SJC) "made clear that the injunction in no way relieved borrowers of their obligation ultimately to prove that a particular loan was unfair and foreclosure should not be permitted, or their obligation to repay the loans they had received." Id. at 741. Thus, while the decisions made a preliminary finding that certain Fremont-originated mortgage loans with the four criteria set forth in the SJC's decision were presumptively unfair and deceptive under M.G.L. c. 93A, Section 9 ("Chapter 93A"), the court's decision emphasized that each borrower had to prove that the terms of the mortgage loan at issue were unfair and deceptive under the totality of his or her particular circumstances. Id. at 739-40.

In their Opposition, the plaintiffs weakly contend that, while this "evidence" is not admissible to establish Fremont's prior bad acts or its bad character as a corporate entity, it is admissible to prove Fremont's "intent" or "plan" under Federal Rule of Evidence 404(b). See Opposition at 4. Yet, plaintiffs' Opposition nowhere spells out why Fremont's "intent" or any

so-called "plan" it may have had is relevant to the two legal counts that plaintiff Robert Smith ("Mr. Smith") has pending against Fremont for trial in this action. It certainly is not a required element or even relevant to Mr. Smith's breach of contract count, which this Court summarized as his assertion of an obligation by Fremont to decline to approve or close a mortgage loan that had a high risk of default. How any "plan" or "intent" by Fremont regarding mortgage loans that it made generally to other customers in Massachusetts is relevant to whether Fremont formed a contract with Mr. Smith not to make his mortgage loan if it was doomed to default is not addressed in plaintiffs' Opposition.

Nor are the state court decisions proper "evidence" to be submitted to the jury on plaintiffs' Chapter 93A claim. First, this Court made clear in its summary judgment decision and at the hearing on the various motions for summary judgment that the Chapter 93A count was reserved for the Court -- it thus will not even be decided by the jury. Second, while it is certainly proper for this Court to consider applicable and persuasive case law in deciding the Chapter 93A claim post-trial, the state court decisions are not "evidence" at all of the mortgage loans made by Fremont to Mr. Smith at issue in this action.[1] In order to meet his burdens of production and persuasion on the Chapter 93A claim against Fremont in this case, Mr. Smith must introduce evidence regarding the specific mortgage loans that Fremont made to him -- he cannot simply rely on state court decisions discussing different mortgage loans, made to different borrowers, with different terms, and likely under vastly different circumstances.[2]

---

[1] Indeed, Signature plans to submit evidence at the trial that the terms of the mortgage loans it made to Mr. Smith do not meet the "presumptively" unfair test contained in the state court decisions because they do not have at least two of the four specified characteristics of an unfair loan under Chapter 93A. See 452 Mass. at 739. Thus, the state court decisions arguably have limited, if any, applicability even to the Chapter 93A claim in this action.

[2] For example, there is no discussion in the state court decisions that the plaintiffs seek to introduce as to whether the Superior Court injunction would apply to protect so-called "straw" buyers such as Mr. Smith, who never moved into the residential property he purchased using mortgage financing from Fremont and, indeed, entered into the purchase transaction as an "investment" without ever having an intention of living in the Dighton property or having

At bottom, it is clear that the plaintiffs seek to introduce the state court decisions merely as "bad act" character evidence in order to sway the jury to punish Fremont as a "sub-prime" mortgage lender. It is highly prejudicial in nature, and clearly intended to inflame the jury. Introduction of the state court decisions is barred for this purpose by Fed. R. Evid. 403(b). It is not relevant pursuant to Fed. R. Evid. 401-402 for the reasons discussed in the Motion in Limine. Any probative value of the "evidence" is vastly outweighed by the substantial risk of unfair prejudice to Fremont. See Fed. R. Evid. 403.

WHEREFORE, for all the reasons set forth above and in the Motion in Limine, defendant Signature/Fremont respectfully requests that the Court issue an order precluding the plaintiffs, plaintiffs' counsel and all witnesses at the trial from introducing any evidence concerning the AG's enforcement action against Fremont, the Suffolk Superior Court's decision entering a preliminary injunction, and the SJC's decision affirming the Superior Court's decision.

>SIGNATURE GROUP HOLDINGS, INC. f/k/a
>FREMONT REORGANIZING CORPORATION
>f/k/a FREMONT INVESTMENT AND LOAN
>By its attorneys,
>
>    /s/ J. Patrick Kennedy
>Donn A. Randall, BBO# 631590
>J. Patrick Kennedy, BBO# 565778
>Bulkley, Richardson and Gelinas, LLP
>98 North Washington Street, Suite 500
>Post Office Box 9750
>Boston, MA  02114-0016
>(617) 368-2500
>Email:  pkennedy@bulkley.com

Dated:  October 6, 2010

---

any involvement with it whatsoever beyond collecting his $10,000 investor payment. To the contrary, the stated purpose of the AG's enforcement action was to protect property owners from foreclosure remedies that would result in loss of their homes without a substantive review of the terms of the mortgage loan(s) at issue by the AG.

1012553-2                                                    4

## **CERTIFICATE OF SERVICE**

    I, J. Patrick Kennedy, hereby certify that a true and correct copy of the above document was served upon counsel of record for all parties via this Court's CM/ECF System or, if not registered on this Court's CM/ECF System, then via first class mail, postage prepaid on October 6, 2010.

                                                  */s/ J. Patrick Kennedy*
                                                   J. Patrick Kennedy