UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SMITH and MARIA DASILVA, )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>DWIGHT JENKINS, CHERRY JENKINS, )<br>DOREA SMITH, ROBERT E. KELLEY, )<br>RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, )<br>EB REAL ESTATE GROUP, INC., )<br>DORCHESTER REAL ESTATE, INC., )<br>NEW ENGLAND MERCHANTS CORP, )<br>UNION CAPITAL MORTGAGE BUSINESS )<br>TRUST, MID CITY MORTGAGE, LLC, )<br>FREEMONT INVESTMENT AND LOAN and )<br>MERITAGE MORTGAGE CORPORATION, )<br>)<br>Defendants ) | Case No. 1:07-cv-12067-RSG |

**PLAINTIFFS' OPPOSITION TO THE MOTION IN LIMINE OF EB REAL ESTATE GROUP, INC. TO PRECLUDE EVIDENCE CONCERNING UNRELATED REAL ESTATE TRANSACTIONS**

NOW COME the Plaintiffs, Robert Smith ("Smith") and Maria DaSilva ("DaSilva") and oppose the motion in limine filed by Defendants E.B. Real Estate Group, Inc. ("E.B.") to preclude plaintiffs from calling Meredith Macharia, Terrae Gethers, Daniel Montrond or Eric Mbaya to testify, or any other borrowers not plaintiffs to this case.

Plaintiffs intend to call these witnesses in their case in chief (except Mbaya) for the purpose of establishing the close and on-going relationship between the principal conspiracy defendants, to wit: Jenkins, Re-Max, Century 21 and the mortgage companies. These witnesses will testify that these core conspiracy defendants worked in concert for the purpose of securing borrowers, locating properties, obtaining financing, and closing the transactions. In addition they will testify that there were routine meetings at Re-Max, real estate documents were routinely

1

signed at Re-Max, Jenkins would keep the borrowers closely informed as to his dealings on their behalf with the mortgage brokers and real estate brokers, and Century 21's agents routinely communicated with the mortgage brokers on behalf of the borrowers. This type of testimony does not *a fortiori* involve testimony regarding bad acts.

Thus, these witnesses will establish the relationship and agreements between these defendants, which is at the heart of a claim for conspiracy. Unless the defendants are willing to stipulate to the existence of a working relationship between and among them, plaintiffs have the right to call those witnesses which will establish those relationships.

## **CONCLUSION**

For the reasons stated above, this Court should deny the motion.

        Respectfully Submitted,

        The Plaintiffs,

        By their attorneys,

        /s/ Jeffrey S. Baker
        Jeffrey S. Baker, Esq.
        BAKER & ASSOCIATES, P.C.
        Two West Hill Place
        Boston, MA 02114
        (617) 357-9505
        BBO # 544929
        E-mail: bakerlaw@aol.com

        and

        /s/ Jonathan D. Plaut
        Jonathan D. Plaut, Esq.
        CHARDON LAW OFFICES
        One State Street, Suite 1200
        Boston, MA 02109
        (617)-451-3200
        BBO # 638344
        E-mail: jdplaut@chardonlaw.com

Date: October 7, 2010

## CERTIFICATE OF SERVICE

    I certify that I have served this document via Notice of Electronic Filing for parties and counsel who receive electronic notice. I have served this document on any parties and counsel who do not receive electronic notice in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

        /s/ Jonathan D. Plaut
        Jonathan D. Plaut

Date: October 7, 2010