UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT SMITH and MARIA DASILVA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-12067-RGS |
| DWIGHT JENKINS, CHERRY JENKINS, DOREA SMITH, ROBERT E. KELLEY, RKELLEY-LAW, P.C., LOUIS G. BERTUCCI, EB REAL ESTATE GROUP, INC., DORCHESTER REAL ESTATE, INC., NEW ENGLAND MERCHANTS CORP., UNION CAPITAL MORTGAGE BUSINESS TRUST, MID CITY MORTGAGE, LLC, FREMONT INVESTMENT & LOAN and MERITAGE MORTGAGE CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT SIGNATURE GROUP HOLDINGS, INC.'S
SUPPLEMENTAL PROPOSED JURY INSTRUCTION No. 29**

Pursuant to the Court's August 26, 2010 Order Resetting Civil Case for Jury Trial, defendant Signature Group Holdings, Inc. f/k/a Fremont Reorganizing Corporation f/k/a Fremont Investment and Loan ("Signature") respectfully submits the following supplemental Proposed Jury Instruction No. 29. This filing supplement's Signature's prior filing of proposed jury instructions. See Docket No. 403. Signature reserves the right to add, delete or modify these instructions as may be appropriate.[1]

---

[1] Plaintiff Robert Smith has only two claims pending against Signature for trial in this action: breach of contract/covenant of good faith and fair dealing and a violation of M.G.L. c. 93A, Section 9 ("Chapter 93A"). See Memorandum and Order on Defendants' Motions for Summary Judgment (June 18, 2010) at 22-23 & 26; Docket No. 259. Pursuant to the Court's Summary Judgment Order, plaintiffs' Chapter 93A claims are "equitable" in nature and are therefore "reserved for the court." Id. at 26. Thus, Signature has not submitted any proposed jury instructions or special verdict questions addressing the Chapter 93A claim.

|  | SIGNATURE GROUP HOLDINGS, INC. f/k/a FREMONT REORGANIZING CORPORATION f/k/a FREMONT INVESTMENT AND LOAN, By its attorneys, |
|---|---|
|  | */s/ J. Patrick Kennedy*<br>Donn A. Randall, BBO# 631590<br>J. Patrick Kennedy, BBO# 565778<br>Bulkley, Richardson and Gelinas, LLP<br>98 North Washington Street, Suite 500<br>Post Office Box 9750<br>Boston, MA  02114-0016<br>(617) 368-2500<br>Email:  pkennedy@bulkley.com |
| Dated:  October 7, 2010 |  |

## CERTIFICATE OF SERVICE

I, J. Patrick Kennedy, hereby certify that a true and correct copy of the above document was served upon counsel of record for all parties via this Court's CM/ECF System or, if not registered on this Court's CM/ECF System, then via first class mail, postage prepaid on October 7, 2010.

                                    */s/ J. Patrick Kennedy*
                                    J. Patrick Kennedy

1012953-2

**Supplemented Index of Instructions**

Signature Proposed Jury Instruction No. 29
    <u>Veranda Beach Club Ltd. Partnership v. Western Surety Co.</u>, 936 F.2d 1364, 1374 (1st Cir. 1991); <u>United States v. White</u>, 322 U.S. 694, 699, 64 S. Ct. 1248, 1251, 88 L. Ed. 1542 (1944).
    No Imputation of Co-defendant's Invocation of Fifth Amendment Privilege

**Instruction No. 29**

An individual's decision to take advantage of his or her fifth amendment privilege against self-incrimination when testifying at trial is a personal decision. It cannot be imputed to a corporation or to another co-defendant. This means that in a civil case such as this one, an individual defendant's choice not to answer questions based upon the personal privilege against self-incrimination cannot be held against the other co-defendants. You may not consider any such testimony as evidence that has any bearing on the liability of any other party in this case.

Signature Proposed Jury Instruction No. 29
Veranda Beach Club Ltd. Partnership v. Western Surety Co., 936 F.2d 1364, 1374 (1st Cir. 1991); United States v. White, 322 U.S. 694, 699, 64 S. Ct. 1248, 1251, 88 L. Ed. 1542 (1944).
No Imputation of Co-defendant's Invocation of Fifth Amendment Privilege