# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

———————————————————— )
ROBERT SMITH and MARIA DASILVA,  )
)
Plaintiffs,         )
)
v.               )        Civil Action No. 07-12067-RGS
)
DWIGHT JENKINS, CHERRY JENKINS,  )
DOREA SMITH, ROBERT E. KELLEY,   )
RKELLEY-LAW, P.C., LOUIS G.      )
BERTUCCI, EB REAL ESTATE GROUP,  )
INC., DORCHESTER REAL ESTATE,    )
INC., NEW ENGLAND MERCHANTS      )
CORP., UNION CAPITAL MORTGAGE    )
BUSINESS TRUST, MID CITY         )
MORTGAGE, LLC, FREMONT           )
INVESTMENT & LOAN and MERITAGE   )
MORTGAGE CORPORATION,            )
)
Defendants.        )
———————————————————— )

## RESPONSE BY SIGNATURE GROUP HOLDINGS, INC. TO PLAINTIFF ROBERT SMITH'S STATEMENT CONCERNING THE G.L. C. 93A CLAIM PURSUANT TO THE COURT'S ORDER OF NOVEMBER 3, 2010

Defendant Signature Group Holdings, Inc. f/k/a Fremont Reorganizing Corporation f/k/a

Fremont Investment and Loan ("Fremont") hereby responds to the Statement Concerning the

G.L. c. 93A Claim Pursuant to the Court's Order of November 3, 2010 (the "Chapter 93A

Statement") filed by plaintiff Robert Smith (the "Plaintiff" or "Mr. Smith").  See Docket No.

455.  Fremont hereby incorporates by reference its Motion for Entry of Final Judgment as a

Matter of Law pursuant to Fed. R. Civ. P. 50(a) and 52(c) (the "Motion for Judgment").  See

Docket No. 451.  This Court should enter final judgment for Fremont and against Mr. Smith on

his Chapter 93A claim for the reasons set forth in the Motion for Judgment and as discussed

further herein.

## I.      FREMONT CANNOT BE HELD LIABLE FOR A CHAPTER 93A VIOLATION.

The only theory for finding Fremont liable for a Chapter 93A violation contained in Mr.

Smith's Chapter 93A Statement is that Fremont allegedly "made loans to Smith with patently

insufficient loan applications and insufficient supporting documentation which were precisely

the type found to be presumptively unfair and predatory by the Supreme Judicial Court of

Massachusetts."  Docket No. 455 at 4 (citing Exhibit 11).  Nevertheless, this Court has already

found the evidence introduced during the trial to be insufficient as a matter of law to hold

Fremont liable for breaching any contract or covenant of good faith and fair dealing with the

Plaintiff.  Likewise, there is no evidence in the trial record, or that could be introduced at a post-

trial evidentiary hearing, to support a separate finding of Chapter 93A liability against Fremont.

As an initial matter, Fremont notes that Mr. Smith's operative Complaint, the Second

Amended Complaint, contains absolutely no factual allegations whatsoever that the terms of the

mortgage loans made by Fremont to Mr. Smith were presumptively unfair or predatory under the

theory advanced by the Massachusetts Attorney General (the "AG") in the separate action that

resulted in the decision attached as Exhibit 11 to the Chapter 93A Statement, Commonwealth v.

Fremont Investment & Loan, 452 Mass. 733 (2008) (the "SJC Decision").  See Docket No. 248

(Second Amended Complaint).  Since this theory of Chapter 93A liability was not pled by the

Plaintiff in the Second Amended Complaint, Fremont had absolutely no notice that it would have

to defend such a theory of liability during the trial.[1]

---

[1]  Indeed, the very first time that counsel for the Plaintiff provided any indication that he intended to proceed with
such a theory of Chapter 93A liability against Fremont was when he circulated a proposed exhibit list shortly before
trial identifying the SJC Decision and the underlying Superior Court preliminary injunction decision as proposed
exhibits.  Fremont filed a motion in limine to preclude testimony regarding and admission of the identified decisions

In any event, even if this Court were to permit Mr. Smith to proceed with this theory of Chapter 93A liability against Fremont, he has cited absolutely no evidence contained in the trial record that could support a finding of liability against Fremont.  The SJC Decision resulted from a "consumer protection enforcement action" brought by the AG against Fremont to "restrict[]" its "ability to foreclose on loans with features that the [Superior Court] judge described as 'presumptively unfair.'"  Fremont, 452 Mass. at 734-35.  The action was brought by the AG in order to require Fremont to allow the AG's office to intervene to attempt to allow borrowers to remain in their homes before Fremont exercised its foreclosure remedy following a payment default.  Id. at 736-39.  The AG review and injunction remedy applied only to Fremont mortgage loans with four specific characteristics, and only applied to owner-occupied residences.  See id. at 739.

The evidence in the trial record reveals that the SJC Decision has absolutely no application here.  First, Mr. Smith testified during the trial that he never lived in the residential property located at Winfield Lane in Dighton, Massachusetts (the "Dighton Property") that was financed with mortgage loans provided by Fremont.  See Testimony of Robert Smith.  Indeed, since Mr. Smith testified that he did not even know that he had taken out mortgage loans to purchase the Dighton Property until well after the closing, the remedy being pursued by the AG in the separate action has no bearing whatsoever on Mr. Smith -- as he did not reside in the property that was the subject of a foreclosure proceeding by Fremont following a payment default.  Thus, the very reasons that the AG pursued a consumer enforcement action against Fremont have absolutely no application in this case.

---

during the trial.  See Docket No. 358.  The Court granted Fremont's motion in limine in an electronic order entered on October 6, 2010.

Second, Mr. Smith presented absolutely no evidence during the trial that the four characteristics of a mortgage loan that would make it "presumptively unfair" are present with the mortgage loans made by Fremont here.  The Plaintiff has cited no evidence admitted during the trial in arguing that Fremont should be held liable for a Chapter 93A violation.  See Docket No. 455 at 4.  Rather, the Plaintiff has baldly argued that the loans made to Mr. Smith here "were precisely the type found to be presumptively unfair and predatory" in the SJC Decision.  Id.  He has submitted no proposed findings of fact supported by citations to the trial record that would be required in order to make a finding of liability against Fremont pursuant to Fed. R. Civ. P. 52.

Third, not only is the existing trial record devoid of evidence upon which to base a finding of liability against Fremont, Mr. Smith has not requested that the Court allow him to present additional evidence against Fremont during any follow-on trial or evidentiary hearing addressing Chapter 93A issues.  See generally Docket No. 455.  Indeed, the only evidence that the Plaintiff seeks to introduce during a follow-on bench trial is:  (1) evidence regarding service and the sufficiency of his required Chapter 93A demand letters (through introduction of copies of the demand letters and certified mail receipts and, possibly, the testimony of Jonathan Plaut, Esq.), id. at 12; (2) a loan application allegedly relevant to the liability of co-defendant Union Capital Mortgage Business Trust, id.; (3) evidence to establish liability against co-defendant EB Real Estate Group, Inc. (through the testimony of Laurice Taylor, after a requested deposition is conducted), id. at 13; and (4) testimony of a previously undisclosed expert witness regarding a tax damages issue, id.[2]  None of this proposed evidence relates in the slightest way to liability against Fremont.

---

[2]  Fremont objects to the Plaintiff's request that he be permitted to call as a witness at any follow-on trial or evidentiary hearing proposed witness Timothy Mahoney, CPA, MBA.  See id.  The proposed witness's testimony relates to an income tax damages issue.  Fremont was never served with a Fed. R. Civ. P. 26(a)(2) disclosure

In short, the Plaintiff has not presented during the trial, and has not proposed to supplement the trial record with, any evidence that establishes liability against Fremont for a Chapter 93A violation.  Based upon the evidence of record, this Court should enter judgment pursuant to Fed. R. Civ. P. 52(c) for Fremont and against Mr. Smith on his Chapter 93A claim, Count VI of the Second Amended Complaint.

## II.   FREMONT WAS NOT SERVED WITH A CHAPTER 93A DEMAND LETTER.

Mr. Smith's Chapter 93A Statement confirms that Fremont did not receive, nor was it served with, a compliant Chapter 93A demand letter.  The only copy of a demand letter allegedly sent by Mr. Smith's counsel to Fremont confirms that it was sent by certified and regular mail to the wrong address for Fremont.  See Ex. 1 to Docket No. 455.  The Plaintiff has not filed a signed certified mail receipt from the copy allegedly sent by certified mail to Fremont, which confirms that it was not received.  See Ex. 3 to Docket No. 455.  Furthermore, for all the reasons contained in Fremont's Motion for Judgment, which is incorporated by reference and will not be repeated here, the Plaintiff is not entitled to a presumption of delivery of the Chapter 93A demand letter under the mailbox rule because it contained an incorrect address for Fremont.  See Docket No. 451 at 11 n.3.[3]

## III.   CONCLUSION

WHEREFORE, Signature Group Holdings, Inc. f/k/a Fremont Reorganizing Corporation f/k/a Fremont Investment and Loan respectfully requests that the Court:

---

identifying Mr. Mahoney as an expert witness, nor was he listed on the Plaintiff's Witness List.  See Docket No. 411 at 1-2.

[3]  Fremont also incorporates by reference the other arguments contained in its Motion for Judgment, specifically that: (1) Mr. Smith has not established evidence of a sufficient act or practice to find Fremont liable for a Chapter 93A violation, see id. at 4-5; and (2) Mr. Smith's trial testimony establishes that his only viable Chapter 93A claim is one pursuant to Section 11, not Section 9, which was dismissed at the outset of this action.  See id. at 6-7.

1.        Enter judgment in its favor, and against plaintiff Robert Smith, on Count

          IV pursuant to Fed. R. Civ. P. 52(c); and

2.        Award Fremont its costs incurred in defending this action.

SIGNATURE GROUP HOLDINGS, INC. f/k/a
FREMONT REORGANIZING CORPORATION
f/k/a FREMONT INVESTMENT AND LOAN,
By its Attorneys,


                 */s/ J. Patrick Kennedy*
Donn A. Randall, BBO# 631590
J. Patrick Kennedy, BBO# 565778
Bulkley, Richardson and Gelinas, LLP
98 North Washington Street, Suite 500
Post Office Box 9750
Boston, MA  02114-0016
(617) 368-2500
Email:  pkennedy@bulkley.com

Dated:  November 16, 2010

## CERTIFICATE OF SERVICE

I, J. Patrick Kennedy, hereby certify that a true and correct copy of the above document was served upon counsel of record for all parties via this Court's CM/ECF System or, if not registered on this Court's CM/ECF System, then via first class mail, postage prepaid on November 16, 2010.


          */s/ J. Patrick Kennedy*
          J. Patrick Kennedy
