UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-12067-RGS |
| | ) | |
| DWIGHT JENKINS; | ) | **LEAVE TO FILE GRANTED 1/26/2011** |
| LOUIS G. BERTUCCI; | ) | |
| EB REAL ESTATE GROUP, INC.; | ) | |
| DORCHESTER REAL ESTATE, INC.; | ) | |
| NEW ENGLAND MERCHANTS CORP.; | ) | |
| and UNION CAPITAL MORTGAGE | ) | |
| BUSINESS TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

**THE DEFENDANT, DORCHESTER REAL ESTATE, INC.'S
REPLY TO THE PLAINTIFF, ROBERT SMITH'S OPPOSITION TO MOTION
REGARDING CHAPTER 93A**

The defendant, Dorchester Real Estate, Inc. ("Century 21"), respectfully submits this reply to the plaintiff's Opposition to Century 21's Response to the Plaintiff's Chapter 93A Statement. Simply put, the plaintiff has failed to establish that he "mailed or delivered" a written demand for relief to Century 21 thirty days prior to filing suit. Instead, the plaintiff has established only that he mailed a demand letter to two individuals (former Century 21 salespeople James Adamos and Ivana Foley) and one entity (Century 21 New England, Inc.) none of whom embodies or constitutes Century 21. The plaintiff assumes incorrectly (and provides no support or explanation) that mailing a demand letter to these recipients is equivalent to mailing a demand letter to Century 21. As a matter of fact and law, it is not. As noted in Century 21's original Response to the Plaintiff's Statement Concerning his M.G.L. c. 93A

Claim, Century 21 New England, Inc. is not affiliated with or related to Century 21.  When Mr. Adamos and Ms. Foley were affiliated with Century 21 they acted as salespeople and were independent contractors.  The plaintiff introduced no evidence at trial (or subsequently) that either of these individuals: (1) was an officer, director, or principal of Century 21; (2) held any managerial or supervisory role in the corporation; and/or (3) was an agent authorized by appointment or by law to accept service on behalf of Century 21.  Absent such a showing, the plaintiff's mailing demand letters to Mr. Adamos and Ms. Foley does not constitute mailing a demand to Century 21.

Based on the fact that the plaintiff's counsel sent demand letters to Mr. Adamos, Ms. Foley, and to Century 21 New England, Inc., this Court is warranted in concluding that all three were separate targets of his claim.  In other words, the plaintiff's counsel sent three demand letters as he intended to assert 93A claims against three separate defendants; namely, Mr. Adamos, Ms. Foley, and Century 21.  By sending separate demand letters to Mr. Adamos and Ms. Foley, opposing counsel did not intend to give notice to Century 21 that it was a separate target of a potential claim.

The plaintiff's counsel overlooks the fact that the legislative intent of the statute is for the claimant to provide a demand letter to a prospective defendant so that he/she is made aware of claimant's grievance and is provided an opportunity to respond to the claim prior to litigation. See Slaney v. Westwood, 366 Mass. 688, 704 (1975); Fernandes v. Havkin, 2010 WL 3155805 (U.S. Dist. Ct. D. Mass.) August 10, 2010.  The plaintiff's counsel is elevating form over function (and over legislative intent) to suggest that mailing a demand letter to former sales people at the Century 21 street address satisfies the requirements of Chapter 93A.  Moreover, it is illogical for the plaintiff's counsel to suggest that the legislative intent could be satisfied simply by mailing the

letter to former salespeople; it is the <u>receipt</u> of the letter by the target defendant that creates the possibility of that defendant considering the claim and making an offer of settlement.

It is also disingenuous for the plaintiff's counsel to insist that he "mailed his 93A letter to Century 21 <u>twice</u>, at the proper address, more than thirty days before filing suit. . ." (Opposition, p. 4) when what he did in fact was mail letters to former salespeople, not to any principal, director, or other representative of Century 21 authorized to act on its behalf.   In this regard, Century 21 does not contest that mailing a letter by First Class Mail "constitutes *prima facie* evidence of delivery to the addressee in the ordinary course of mail," but the critical fact opposing counsel overlooks is that none of the addressees of his letters was Century 21.  Moreover, the fact that Ms. Karin Cahill establishes in her affidavit that she never received the plaintiff's demand letter, "is sufficient to refute the prima facie evidence" of delivery to Century 21.  See <u>Blair v. City of Worcester</u>, 2006 WL 1581582, (U.S. Dist. Ct. D. Mass.) March 12, 2006, (citing <u>Konan v. Carroll,</u> 37 Mass. App. Ct. 225, (1994).

The plaintiff's reliance on <u>Whelihan v. Markowski</u>, 37 Mass. App. Ct. 209 (1994) is misplaced and does not stand for the broad proposition that mailing the demand letter to Mr. Adamos and Ms. Foley satisfies the service requirement of Chapter 93A.  In <u>Whelihan</u>, the plaintiff, a tenant, filed suit against her landlords seeking recovery of personal injuries suffered when her hand went through a pane of glass.  Some ten months after the plaintiff initiated suit, her counsel served a demand letter on the defendant landlords in care of their counsel.  The defendants' counsel responded to the plaintiff's demand letter and made a settlement offer. Subsequently, the plaintiff amended her Complaint to include a claim under Chapter 93A.  The plaintiff prevailed at trial in the Housing Court and was awarded treble damages and attorney's fees.  The defendants appealed and, among other things, contested the validity of the plaintiff's service of the demand letter.  The Appeals Court determined that,

"[n]either of the well-established purposes of a demand letter (see <u>Slaney v. Westwood Auto, Inc.</u>, 366 Mass. 688, 704 (1975); <u>York v. Sullivan</u>, 369 Mass. 157, 162 (1975); <u>Spring v. Geriatric Authy. of Holyoke</u>, 394 Mass. 274, 288 (1985)) were frustrated or compromised by the fact that the plaintiff sent her demand to the defendants, who resided in Connecticut, in care of their Massachusetts attorney, who had been active counsel of record for over ten months. We, therefore, conclude that the prerequisite to suit under c. 93A, Section 9, was met."

The same can not be said of the facts in this case. Given that neither Ms. Karin Cahill nor any other principal, director, or officer of Century 21 received the plaintiff's demand letter and no one responded to the demand letter on behalf of Century 21, the plaintiff has failed to satisfy either of the "well-established purposes of a demand letter."

WHEREFORE, Century 21 respectfully requests that the Court enter judgment as a matter of law in favor of Century 21 dismissing the plaintiff's claim under Chapter 93A (Count IV).

Respectfully submitted,

DORCHESTER REAL ESTATE, INC.

By its attorneys,

/s/ Jay S. Gregory
Jay S. Gregory, BBO #546708
Jay.Gregory@LeClairRyan.com
Thomas K. McCraw, Jr., BBO #659480
Thomas.McCraw@LeClairRyan.com
LeClairRyan, A Professional Corporation
One International Place, 11th Floor
Boston, MA  02110
617-502-8200

Dated: January 26, 2011

**CERTIFICATE OF SERVICE**

      I, Jay S. Gregory, hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record by hand and subsequently via this Court's CM/ECF system, or if not registered on this Court's CM/ECF system via first-class mail on this 26th day of January, 2011.

      /s/ Jay S. Gregory
      Jay S. Gregory

6345840-1                                             5