UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-CV-12067-RGS

ROBERT SMITH

v.

DWIGHT JENKINS, et al

ORDER

February 4, 2011

STEARNS, D. J.

By way of guidance to counsel in anticipation of Monday's Chapter 93A hearing, the court, based on the voluminous filings by the parties, enters the following Order, which is intended to assist the parties in tailoring their presentations and arguments to issues that the court considers viable at this stage in the proceedings. The Order is meant to forestall any attempt to re-litigate issues, particularly those of an evidentiary nature, that were (or could have been) resolved by the jury.[1]

**Tax Liability**

Signature Group Holdings' (Fremont) objection to the proffered testimony of Timothy Mahoney, CPA, as to Smith's potential tax liability, is ALLOWED. Mahoney will not be permitted to testify at the hearing. Apart from the failure of Jenkins' counsel to comply with

---

[1]For instance, multiple defendants complain that they should not be held liable because they were unaware of Smith's illiteracy or schizophrenia. It is the court's view that this is precisely the type of evidentiary issue that the jury has already resolved. Moreover, the onus was on the defendants to make these arguments to the jury during the trial, not to the court as an afterthought.

Rule 26,[2] Smith offers no convincing reason why this is a matter that should be litigated in a Chapter 93A context.

**Alleged Verdict Inconsistencies**

With respect to the suggestions of internal inconsistencies in the jury's verdict, the law is clear. Objections to inconsistencies in a verdict must be lodged before the jury is discharged, or the issue is forfeited. Correia v. Fitzgerald, 354 F.3d 47, 57 n.4 (1st Cir. 2003); Babcock v. Gen. Motors Corp., 299 F.3d 60, 63 (1st Cir. 2002).

**Alleged Lack of Factual Support for the Verdict**

The court treats these arguments as in effect Rule 50(a) motions for judgment as a matter of law. A Rule 50(a) motion will be granted only where "after having examined the evidence as well as all permissible inferences drawn therefrom in the light most favorable to non-movant, the court finds that a reasonable jury could not render a verdict in that party's favor." Irvine v. Murad Skin Research Labs., Inc., 194 F.3d 313, 316 (1st Cir. 1999). In considering a Rule 50(a) motion, a court will "examine the evidence and the inferences reasonably to be drawn therefrom in the light most favorable to the nonmovant[,]" and in doing so will "not consider credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." Wagenmann v. Adams, 829 F.2d 196, 200 (1st Cir. 1987). Applying this jury-deferential standard, the court is hard pressed to imagine any judicial reshaping of the verdict based on the arguments presented in

---

[2]Fremont represents that it was never served with the required Rule 26(a)(2) expert witness disclosures; nor is Mahoney listed on Smith's witness list.

defendants' briefs.[3]

**Demand Letters**

Chapter 93A requires a plaintiff to serve a written demand letter at least thirty days prior to the filing of a lawsuit seeking multiple damages. Kanamaru v. Holyoke Mut. Ins. Co., 72 Mass. App. Ct. 396, 407 (2008); see also Spilios v. Cohen, 38 Mass. App. Ct. 338, 342 (1995). The written demand for relief is jurisdictional and therefore a prerequisite to a Chapter 93A suit; service of the letter must be alleged and proved. Lingis v. Waisbren, 75 Mass. App. Ct. 464, 468 (2009). Moreover, under § 9 there is no right to relief for an act not recited in the demand letter. Bressel v. Jolicoeur, 34 Mass. App. Ct. 205, 211 (1993).

Here, Fremont represents that it never received the demand letter because it was sent to the wrong address. See Dckt # 451 at 10-11, Peggy Cansdale Aff. ¶ 3. Attorney Plaut, counsel to Smith, asserts in a later responsive filing, Dckt # 455 at 8 - Exhibit 4, that he personally mailed a second copy of the demand letter to Fremont by first class mail.

Dorchester Real Estate (Century 21) also claims that it never received the demand letters allegedly sent to Century 21 New England, Inc., Ms. Foley, or Mr. Adamos. See Dckt # 465 at 3-4, Karin Cahill Aff. ¶ 4. Century 21, moreover, asserts that Smith's counsel

---

[3]In the alternative, multiple defendants seek a new trial under Rule 59. A new trial under Rule 59 will be granted only "'if [the court] believes that the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." Ramos v. Davis & Geck, Inc., 167 F.3d 727, 731 (1st Cir. 1999) (citations and internal quotations omitted). This court's discretion, "although great, must be exercised with due regard to the rights of both parties to have questions which are fairly open resolved finally by the jury at a single trial." Coffran v. Hitchcock Clinic, Inc., 683 F.2d 5, 6 (1st Cir. 1982). The court is disinclined to grant to a new trial based on the arguments advanced in the briefs.

has conceded that the letters were returned unclaimed. Id. Attorney Plaut makes the same response – that he personally mailed copies of the demand letters by first class mail. Century 21 additionally claims that the three parties to which Smith sent demand letters are legally insufficient as to it because Ms. Foley and Mr. Adamos were independent contractors and Century 21 New England is not affiliated with defendant Century 21.

Attorney Louis Bertucci testified during the trial that he did not receive a demand letter and believes that only R-Kelly-Law, P.C., a party against which Smith's claims were dismissed at trial, was served. See Dckt # 458 at 2.

The court will hear argument and take evidence on the legal sufficiency of service of a demand letter by first class mail, the sufficiency of the scope of the demand letters insofar as they were received with respect to the damages, the nature of attorney Bertucci's relationship with R-Kelly-Law, P.C., the nature of Ms. Foley and Mr. Adamos's relationship with Century 21, the nature of the relationship between Century 21 New England and Century 21, and the credibility of the assertions that proper service of the letters was or was not made.

**Damages and Attorneys' Fees**

As indicated by Electronic Notice on December 3, 2010, the court is most interested in the issue of the appropriateness of any award of multiple damages against any defendant found liable on the underlying claims by the jury, and the reasonableness of the attorneys' fee request submitted to the court.

**Scheduling**

To insure sufficient time for all parties to be heard, the hearing will be rescheduled

to begin Monday, February 7, 2011, at 2 PM.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE