UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SMITH and MARIA DASILVA,<br><br>Plaintiffs,<br><br>v.<br><br>DWIGHT JENKINS, CHERRY JENKINS, DOREA SMITH, ROBERT E. KELLEY, R.KELLY-LAW P.C., LOUSE G. BERTUCCI, EB REAL ESTATE GROUP, INC., DORCHESTER REAL ESTATE, NEW ENGLAND MERCHANTS CORP., UNION CAPITAL MORTGAGE BUSINESS TRUST, MID CITY MORTGAGE, LLC, FREEMONT INVESTMENT AND LOAN and MERITAGE MORTGAGE CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>) **Case No. 1:07-cv-12067 RGS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION OF DEFENDANT NEW ENGLAND MERCHANTS CORP. ("NEMCO") FOR LIMITED RECONSIDERATION OF THIS HONORABLE COURT'S MEMORANDUM AND ORDER DATED MAY 3, 2001 DENYING NEMCO'S MOTION FOR JUDGMENT AS A MATTER OF AND <u>ALTERNATIVE MOTION FOR NEW TRIAL</u>**

By its Memorandum and Order dated May 3, 2011, this Honorable Court denied Defendant New England Merchants Corp.'s ("NEMCO") motion for judgment as a matter of law and alternative motion for new trial, while allowing the motion for judgment as a matter of law of Defendant Union Capital Mortgage Business Trust ("Union Capital"). NEMCO is submitting this motion for limited reconsideration solely

because, based on uncontested facts clearly established at trial, the Court's basis for allowing Union Capital's motion also apply to NEMCO.[1]

As this Court noted in its May 3, 2001 order and memorandum:

> Defendant Union Capital also moves for judgment as a matter of law on the fraud and breach of fiduciary duty claims. Union Capital argues that because no evidence was offered at trial that its agent, P.J. Goodwin, or anyone else from Union Capital, ever met with or had a conversation with Smith, it is impossible it could have made a statement *to* Smith upon which Smith could have reasonably relied to his detriment or that it could have known that Smith had "reposed a high degree of trust and confidence" in it of which it could took advantage, again to Smith's detriment."

Order and Memorandum dated May 3, 2011 at 6-7 (emphasis in original). This Honorable Court granted Union Capital's motion for judgment as a matter of law based on this argument.

Smith testified at the trial that he had never met or spoken with any person associated with NEMCO, including Rachel Noyes, the only person associated with NEMCO whom Smith contends had any involvement with Smith's Dighton transaction. NEMCO raised this point in its prior motion for judgment as a matter of law. *See* MEMORANDUM IN SUPORT OF MOTION OF DEFENDANT NEW ENGLAND MERCHANTS CORP. ("NEMCO") PURSUANT TO FED.R.CIV.P. 50(b) FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF ROBERT SMITH'S CLAIMS AGAINST NEMCO FOR FRAUD AND BREACH OF FIDUCIARY DUTY AND ALTERNATIVE MOTION PURSUANT TO FED.R.CIV.P. 59(a) FOR NEW TRIAL", filed as Document No. 460 at 4-5 (stating "Smith testified at trial that he had never heard of NEMCO or spoken with Noyes before commencement of this litigation but had dealt

---

[1] In limiting this motion to this ground, NEMCO is not waiving any of its other arguments.

with defendants Taylor and Adamos".[2] Because Smith's claims were predicated in large part on his inability to read, Smith obviously could not have relied on any documents concerning his fraud and breach of fiduciary duty claims against NEMCO.

Thus, this Honorable Court's manifestly correct reasoning in granting Union Capital's motion for judgment as a matter of law also applies to NEMCO, which also never met with or had any conversation with Smith. Consequently, NEMCO respectfully requests that its motion for judgment as a matter of law also be granted.

NEW ENGLAND MERCHANTS CORP.,
Defendant,
By its attorney,


/s/ Michael J. Markoff
Michael J. Markoff BBO #547590
P.O. Box 212
Falmouth, MA 02541
(508) 548-5500
mmarkoff@verizon.net

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that NEMCO's counsel conferred with Jonathan Plaut, counsel for Plaintiff Robert Smith, on May 5, 2011 at approximately 12:55 PM via telephone and attempted in good faith to narrow or resolve the issue raised in the foregoing motion but said conference did not narrow or resolve the issue. NEMCO's undersigned also conferred with counsel for all parties via an email circulated by NEMCO's counsel at approximately 1:00 PM on May 5, 2011.

/s/ Michael J. Markoff
Michael J. Markoff BBO #547590
P.O. Box 212
Falmouth, MA 02541
(508) 548-5500
mmarkoff@verizon.net

---

[2] Taylor and Adamos were inadvertently misidentified as Defendants in NEMCO's prior memorandum.

**CERTIFICATE OF SERVICE PURSUANT TO LR 5.2(c)**

    I, Michael J. Markoff, hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system on this 5th day of May, 2011.

                                       /s/ Michael J. Markoff.
                                       Michael J. Markoff