UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT SMITH and MARIA DASILVA,<br><br>    Plaintiffs<br><br>v.<br><br>DWIGHT JENKINS, CHERRY JENKINS,<br>DOREA SMITH, ROBERT E. KELLEY,<br>RKELLEY-LAW, P.C., LOUIS G. BERTUCCI,<br>EB REAL ESTATE GROUP, INC.,<br>NEW ENGLAND MERCHANTS CORP,<br>UNION CAPITAL MORTGAGE BUSINESS<br>TRUST, MID CITY MORTGAGE, LLC,<br>FREEMONT INVESTMENT AND LOAN and<br>MERITAGE MORTGAGE CORPORATION,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:07-cv-12067-RSG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFF, ROBERT SMITH'S NOTICE OF APPEAL**

NOW COMES plaintiff, Robert Smith ("Smith") and notices his appeal of the following Orders of the Court (Stearns, J.):

(1) the Order dated April 8, 2010 denying Smith leave to file a Second Amended Complaint to allege breach of contract claims against the defendant mortgage brokers, New England Merchants Corp and Union Capital Mortgage Business Trust;

(2) Docket No.488 dated April 11, 2011 granting judgment on Smith's 93A claim in favor of defendants, Signature Group Holdings, Inc., Union Capital Mortgage Business Trust, Dorchester Real Estate, Inc. and EB Real Estate Group, Inc.;

(3) the Order dated October 8, 2010 granting EB Real Estate Group, Inc.'s motion in limine to preclude reference to unrelated real estate transactions (Docket No. 367);

(4) the Order dated October 8, 2010 granting New England Merchant Corp's motion in limine "to Preclude Evidence Pertaining to Rachel Noyes Subsequent to her Association with

1

NEMCO or Concerning any Alleged Misstatement made by Noyes on Any Mortgage Loan Application, where the Applicant Read and Signed the Application and is not Alleged to have been Illiterate or Otherwise Incapable of Understanding the Alleged Misrepresentations; and Consequently, to Bar the Testimony of Valerie Hayes, Alma Harris, Frances Darden, Ethel Anderson and Meredith Macharia" (Docket No. 372);

(5) Docket No. 492 dated May 3, 2011 granting Union Capital Mortgage Business Trust's motion for judgment as a matter of law; and

(6) Docket No. 166 dated June 6, 2009, finding that Smith's claim under G.L. c. 93A is a Section 9 claim which requires a 30 day demand letter as opposed to a Section 11 claim.

Respectfully Submitted,

ROBERT SMITH

By his attorneys,

/s/ Jeffrey S. Baker
Jeffrey S. Baker, Esq.
BAKER & ASSOCIATES, P.C.
Two West Hill Place
Boston, MA 02114
(617) 357-9505
BBO # 544929
E-mail: bakerlaw@aol.com

and

/s/ Jonathan D. Plaut
Jonathan D. Plaut, Esq.
CHARDON LAW OFFICES
One State Street, Suite 1200
Boston, MA 02109
(617)-451-3200
BBO # 638344
E-mail: jdplaut@chardonlaw.com

Date: May 10, 2011

CERTIFICATE OF SERVICE

      I certify that I have served this document via Notice of Electronic Filing for parties and counsel on the date set forth below in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

                              /s/ Jonathan D. Plaut
                              Jonathan D. Plaut

Date:  May 10, 2011