UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-CV-12067-RGS

ROBERT SMITH, et al

v.

DWIGHT JENKINS, et al

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION
TO EXTEND TIME FOR FILING AN AMENDED NOTICE OF APPEAL

May 25, 2011

STEARNS, D.J.

Plaintiff Robert Smith seeks an extension to May 30, 2011, to file an amended notice of appeal, some sixteen days after the expiration of the thirty days allotted by Fed. R. App. P. 4(a)(1)(A). In his original notice of appeal, timely filed on May 10, 2011, Smith neglected to include an appeal of an Order of this court entered on October 21, 2010, which effectively precluded him from arguing or presenting to the jury a damages claim based on an unrealized and largely hypothetical tax liability. On May 12, 2011, Smith requested an extension of time to May 16, 2011, to file a "supplemental" notice of appeal, a request that the court (in retrospect, mistakenly) granted. Despite the court's action, Smith allowed the extended deadline to expire without taking any action. He now seeks a second extension, ostensibly under Fed. R. App. P. 4(a)(5).

Rule 4(a)(5) is fairly generous in allowing the district court to extend the time for the filing of a notice of appeal if: (i) a party so moves no later than 30 days after the expiration of the time prescribed in Rule 4; and (ii) if the party shows good cause or excusable neglect for the delay. What the Rules do not contemplate is a process for amending a timely filed notice of appeal (as in this instance). Case law on the subject is surprisingly sparse. The two Circuit Court cases of which the court is aware reach seemingly opposite results. In *Pope v. Sav. Bank of Puget Sound*, 850 F.2d 1345, 1347 (9th Cir. 1988), the Ninth Circuit (citing *Morgan v. Kopecky Charter Bus Co.*, 760 F.2d 919, 920 (9th Cir. 1985)), held that the "[f]iling of the first notice of appeal divest[s] the district court of further jurisdiction over the case." More directly to the point, the Court observed that "[w]e do not think a party who has already filed a notice of appeal within the period prescribed by Rule 4(a)(1) can avail herself of Rule 4(a)(5)." *Id.* In the second case, *Lee v. Coahoma Cnty*, 937 F.2d 220, 223 (5th Cir. 1991), the Fifth Circuit held that the district court did have the authority to allow an amended notice of appeal where the generic "et al." was substituted for the naming of each of the intended plaintiff-appellants as Fed. R. App. P. 3(c) requires.

Although the First Circuit has not spoken to the issue, I am persuaded that it would come to the same conclusion as did the Ninth Circuit in *Pope*. The First Circuit has squarely held that a notice of appeal, unless patently meritless, "divests a district

court of the authority to proceed with respect to any matter touching upon, or involved in, the appeal" (other than ancillary or peripheral matters). *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (citation omitted). Here, Smith is asking this court for leave to amend the subject matter of a pending appeal (unlike *Lee*, which allowed an extension to correct what, for all practical purposes, was a misnomer).[1] This is a sensitive jurisdictional matter that is best committed to the discretion of the Court of Appeals.

                SO ORDERED.

                /s/ Richard G. Stearns
                _____
                UNITED STATES DISTRICT JUDGE

---

[1] Moreover, in *Lee*, plaintiffs were rescued by a timely cross-appeal filed by defendants, which in effect reopened the window for the filing of a notice of appeal. "As a result, the plaintiffs not listed in the original plaintiffs' notice of appeal have filed a timely notice of appeal and need not justify their conduct under the excusable neglect standard of Rule 4(a)(5)." *Lee*, 937 F.2d at 223. Here, Smith has offered nothing that would amount to a satisfactory showing of "excusable neglect" or "good cause."