UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12067-RGS

ROBERT SMITH

v.

DWIGHT JENKINS, LOUIS G. BERTUCCI, EB REAL ESTATE GROUP, INC., DORCHESTER REAL ESTATE, INC., NEW ENGLAND MERCHANTS CORP., and UNION CAPITAL MORTGAGE BUSINESS TRUST.

ORDER ON DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM CALLING IRRELEVANT AND/OR LATE-DISCLOSED EXPERT WITNESSES AT TRIAL

February 18, 2014

STEARNS, J.

Defendant Dorchester Real Estate, Inc. (a/k/a Century 21) has moved to preclude plaintiff Robert Smith from calling four lately designated expert witnesses on grounds of untimely disclosure. It also has moved to preclude Smith from calling any witnesses, other than himself, to testify on the issue of damages (the only issue to be considered on retrial with regard to Century 21). For the reasons stated below, the court will grant the motion to strike the late-disclosed expert witnesses and will reserve its ruling on the balance of the motion. Smith is directed to submit an offer of proof as

to any non-expert witnesses' proposed damages testimony by Thursday, February 20, 2014, at 5:00 PM.

DISCUSSION

Late-Disclosed Expert Witnesses:

On July 7, 2009, the court ordered all expert discovery requests to be filed on or before October 1, 2009. Smith failed to request any expert discovery by this deadline. On August 17, 2010, prior to the first trial in this matter, the court granted motions to preclude Smith from presenting the late-disclosed expert testimony of Andrew Kadets and Michael Foley.[1] Neither Timothy Mahoney nor Andrew Klein were identified prior to the October 1, 2009 deadline, nor were either of them disclosed as experts witnesses prior to the first trial in this case.

Absent a directive in the mandate from the higher court, "[w]hether additional evidence must be taken [on remand] is a question for the District Court." *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943). *See also Sprage v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939) ("While a mandate is controlling as to matters within its compass, on the remand a

---

[1] The court did allow Smith to call Dr. Robert Smith as an expert witness as Dr. Smith's initial report had been produced to defendants in 2008, thereby diminishing any potential surprise or undue prejudice.

2

lower court is free as to other issues."). Smith points to no error of the court justifying his failure to timely disclose his expert witnesses, and the court accepts defendant's representation that admitting such testimony at this late stage would cause undue prejudice. Consequently, the court grants defendant's motion to preclude plaintiff from calling Andrew Kadets, Michael Foley, Timothy Mahoney, and Andrew Klein.

Other Witnesses:

This case has been remanded by the First Circuit for a new trial on the issue of damages only. The court will instruct the jury that defendant has been found liable in a prior trial on plaintiff's claims of fraudulent misrepresentation and breach of fiduciary duty.[2] The court's preliminary view, given the Circuit Court's opinion, is that Smith is limited to a "benefit of the bargain" theory of damages for fraud and/or reimbursement of any reasonably foreseeable expenses he actually incurred as a result of defendant's misrepresentations.

---

[2] As evidenced by the jury's answer to the Special Verdict Questions (Dkt. # 448), the jury found that Robert Smith had proven, by a preponderance of the evidence, that (1) Dorchester Real Estate Group, Inc. (Century 21) knowingly made a misrepresentation of a material fact for the purpose of inducing reliance on his part (Q. 3); (2) Robert Smith reasonably relied on the misrepresentation and acted upon it to his detriment (Q. 4); (3) Robert Smith placed a high degree of trust in Century 21 and that Century 21 was aware of that trust (Q. 18); (4) Century 21 abused his trust (Q. 19).

Given this view, the court questions the relevance of the testimony of the majority of Smith's listed witnesses, other than perhaps those present at the time the misrepresentations were made (who could potentially testify as to what was promised to Smith for the purposes of damages recovery under a "benefit of the bargain" theory). Therefore, Smith is directed to submit an offer of proof as to each of the listed witnesses' relevance to the damages issue. Smith will file such offers of proof before 5:00 PM EST on Thursday, February 20, 2014.

### ORDER

For the foregoing reasons, defendant's *motion in limine* to preclude witnesses is <u>GRANTED</u> in-part and <u>RESERVED-FOR-RULING</u> in-part.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE