ROBERT SMITH

v.

RKELLEY-LAW, P.C.

MEMORANDUM AND ORDER
ON THE QUESTION OF DAMAGES

November 26, 2014

STEARNS, J.

Having made the determination that RKelley-Law, P.C. (RKelley-Law) must answer vicariously for the wrongdoing of its former associate, Louis Bertucci, *see* Dkt. # 655, the court must now decide the issue of damages. A hearing to elicit the views of concerned counsel was held on November 18, 2014.

## BACKGROUND

This case is long enduring, the saga of which is clearly laid out by the First Circuit in *Smith v. Jenkins, et. al.*, 732 F.3d 51, 59-63 (1st Cir. 2013). The essential facts for present purposes are as follows. In his original lawsuit, Smith named both Bertucci, the attorney who had conducted the

fraudulent mortgage closings, and the firm with which he was associated, RKelley-Law, as well as its sole stakeholder, Robert Kelley, Esq. At the close of Smith's evidence at trial, the court allowed a directed verdict for both Robert Kelley individually, and RKelley-Law. The court reasoned that Robert Kelley had committed no act that would have warranted a finding of personal liability and that Bertucci was acting outside the scope of his authority as an employee of the firm. At the close of all evidence in the case, the jury awarded Smith $25,000 in damages against Bertucci. *See* Dkt. # 527. Bertucci was not among the defendants who appealed. The First Circuit returned a mixed verdict reinstating RKelley-Law (but not Robert Kelley) as a potential defendant and directed this court to reconsider RKelley-Law's liability on a theory of *respondeat superior*. *Smith*, 732 F.3d at 72-73. After a further hearing, on September 15, 2014, this court ruled against RKelley-Law, finding it had no defenses to the claim of vicarious liability for Bertucci's fraudulent acts. *See* Dkt. # 655. The remaining issue is damages.

## DISCUSSION

In returning the case to this court, the First Circuit implicitly restored this court's jurisdiction over the issues of both liability and damages by stating that, "[o]n remand, RKelley-Law may present a defense to Smith's

claims of vicarious liability for both Bertucci's fraud and his violation of Chapter 93A." *Smith*, 732 F.3d at 73. In giving guidance to district courts on the typical scope of a mandate, the First Circuit has acknowledged that "[o]n remand, courts are often confronted with issues that were never considered by the remanding court," and that, "[b]roadly speaking, mandates require respect for what the higher court decided, not for what it did not decide." *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997). On remand, "the mandate and the opinion must be construed together in their entirety with particular reference to the issues considered." *United States v. Iriarte*, 166 F.2d 800, 803 (1st Cir. 1948). "[I]n determining whether a trial court is duty bound to rethink an issue foregone in an earlier appeal, the court 'must implement both the letter and spirit of the . . . mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993), quoting *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991) (internal brackets omitted).[1]

---

[1] To the same effect are, e.g., *United States v. Davila-Felix*, 763 F.3d 105, 109 (1st Cir. 2014), *United States v. Genao-Sanchez*, 525 F.3d 67, 70 (1st Cir. 2008) and *Cohen v. Brown University*, 101 F.3d 155, 168 (1st Cir. 1996).

Taking a latitudinal view of the First Circuit's opinion, the crucial finding by the Circuit was that this court abused its discretion in admitting as expert opinion the testimony of Dr. Stan Smith (no relation to the plaintiff) as to Smith's damages, and that this error was not harmless. *Smith*, 732 F.3d at 64 and 69. In reviewing the three components of Dr. Smith's testimony, the First Circuit suggested, without explicitly ruling on the issue, that hedonic damages (loss of enjoyment of life) are not recoverable in a case of this type (because of the absence of permanent injury). As to the other two components, loss of credit expectancy and loss of time, the Court held that Dr. Smith's testimony was unreliable and should not have been admitted. The Court remanded the case for a new trial on damages as to the defendant who had appealed with regard to this issue, Century 21 Dorchester Real Estate, Inc.[2] RKelley-Law argues that because "the First Circuit reversed on the issue of damages in terms of those defendants' that sought appellate review," it should be permitted to retry the amount of damages for which Bertucci, and by extension RKelley-Law, might be liable. Def.'s Trial Brief at 2.

---

[2] The First Circuit did not address the question of the damages award against defendant New England Merchants Corporation as it was not convinced that it had any liability whatsoever to Smith. *Smith*, 732 F.3d at 69-70.

Smith relies on principles of *res judicata* in making the argument that because the judgment against Bertucci is final (because he did not appeal), RKelley-Law cannot now relitigate the jury's determination as to damages. In making this argument, he cites the Supreme Court's decision in *Federated Dep't Stores, Inc. v. Moitie*, which holds that a judgment not appealed is final even if it is overturned as to other defendants who did appeal. 452 U.S. 394, 398 (1981) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."). *See also Nat'l Ass'n of Broadcasters v. FCC*, 180 U.S. App. D.C. 259, 265 (1976)("It is the generally accepted rule in civil cases that where less than all of the several co-parties appeal from an adverse judgment, a reversal as to the parties appealing does not necessitate or justify a reversal as to the parties not appealing.")

Although the doctrine of *res judicata*, on first glance is alluring, on more sober reflection, it is a Siren beckoning shipwreck. RKelley-Law is not attempting by way of a separately filed action to relitigate a previous suit reduced to judgment. Rather, it is a participant, albeit one impressed back into service, in an ongoing litigation. The relevant doctrine therefore

is not *res judicata* but the so-called "law or rule of the case." *See United States v. Genao-Sanchez*, 525 F.3d 67, 69-70 (1st Cir. 2008).

The rule of the case "is rooted in an array of prudential considerations: 'stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy,'" and rests on the principle that, "[i]n the interests of both consistency and judicial economy," litigants should not be allowed to retry issues already litigated. *United States v. Connell*, 6 F.3d 27, 30 (1st Cir. 1993). But of equal force is the proposition that when a prior judgment in the same case was based on a clear error (as it was here with regard to the admission of Dr. Smith's testimony), and the error was not harmless, a court while not compelled has the discretion to revisit and correct its earlier erroneous decision. *See United States v. Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir. 1991). In that Smith's damages so heavily depended on Dr. Smith's testimony, the amount of the jury's award against Bertucci cannot stand. As a matter of due process, RKelley-Law must be given the opportunity to retry, not its liability, but the amount of damages that it may owe to Smith because of Bertucci's fraudulent conduct.[3]

---

[3] The First Circuit's holding with regard to damages was not that Smith had no damages; rather that Dr. Smith's testimony misled the jury as

ORDER

The court will schedule an evidentiary hearing, or if the parties so elect, a jury trial to determine the amount of damages for which RKelley-Law is liable due to its vicarious liability. The parties will submit a joint proposed order setting the case for an evidentiary hearing or trial within fourteen (14) days of the date of this decision.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

to the amount of damages Smith suffered. Similarly, the court will not reconsider its decision to treble that amount (whatever it may prove to be) pursuant to Chapter 93A. *See* Dkt. #527 at 1 and Mass. Gen. Laws ch. 93A. Massachusetts law "routinely [hold] corporations liable for multiple damages because of the knowing and willful acts of their agents." *Kansallis Fin. Ltd. v. Fern*, 421 Mass. 659, 673 (1996). *See Wang Labs., Inc. v. Business Incentives, Inc.*, 398 Mass. 854, 861 (1986) (finding a corporation liable for multiple damages because of the acts of employee and remanding "to the Superior Court for the assessment of up to three, but not less than two, times the amount of . . . actual damages"); *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 571 F. Supp. 1365, 1378 (D. Mass. 1983), *aff'd* 740 F.2d 59 (1st Cir. 1984) (granting double damages against a corporate defendant); *Shaw v. Rodman Ford Truck Center, Inc.*, 19 Mass. App. Ct. 709 (1985) (upholding judge's award of double damages against a corporation); *Makino, U.S.A., Inc. v. Metlife Capital Credit Corp.*, 25 Mass. App. Ct. 302, 305 (1988) (affirming double damages under Chapter 93A against a corporation); *Grand Pac. Fin. Corp. v. Brauer*, 57 Mass. App. Ct. 407, 422 (2003) (judgment entered under Chapter 93A in favor of the defendant against a law firm and remanded solely to determine whether the "multiplier for the damages should exceed the doubling of damages, provided as matter of law under [Chapter] 93A, § 11.").